ORRANDO P. DEXTER, Appellant, *v.* WARREN JOSEPH ALFRED, Respondent.

*Action for trespass — when the question of title is not raised by the pleadings — nominal damages — costs — evidence.*

In an action brought to recover the damages caused by certain trespasses, the answer alleged that a highway was laid out under chapter 114 of the Laws of 1880, and that the defendant, believing such highway to be a legal one and to have been properly open to public travel, and before the courts had passed upon the constitutionality of the act under which the highway was laid out, cut some fallen trees out of such highway in obedience to the order of the commissioner of highways.

The allegation in the complaint, that the plaintiff was the owner of the premises, was not denied, nor did the answer state that the place where the alleged trespasses were committed was a legal highway, nor was the question of title

raised upon the trial. The jury rendered a verdict for the plaintiff for six cents and the defendant was awarded the costs of the action.

*Held*, that no question of title was raised by the pleadings (MAYHAM, P. J., dissenting);

That the plaintiff having recovered only nominal damages the defendant was entitled to recover the costs of the action.

Upon the trial testimony was admitted, over the plaintiff's objection, to the effect that a former owner of the land in question had given the defendant a license to cross and draw logs over the same. The complaint alleged that notice had been given by the plaintiff to the defendant, before the alleged trespasses, that the plaintiff was the owner of the premises and forbidding any trespass thereon, and this allegation was not denied.

*Held*, that such evidence was irrelevant and might have influenced the verdict of the jury.

Testimony was also given that the co-partnership, of which the defendant was a member, had 40,000 logs cut at the end of the road so attempted to have been laid out, which there was no practical way of getting out except over such road.

*Held*, that such evidence was incompetent, did not justify a trespass and did not tend to mitigate the damages.

APPEAL by the plaintiff, Orrando P. Dexter, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Franklin on the 30th day of December, 1892, upon the verdict of a jury for six cents rendered at the Franklin Circuit, and also from an order entered in said clerk's office on the 13th day of December, 1892, granting the defendant an extra allowance of costs, and also from an order entered in said clerk's office on the 9th day of January, 1893, denying the plaintiff's motion for a new trial made upon the minutes, with notice of an intention to bring up for review on such appeal an order made at the Franklin Circuit, and entered in said clerk's office on the 23d day of December, 1892, denying the plaintiff's application for a certificate that the title to real property came in question on such trial, and also from an order made at the Clinton Special Term and entered in the office of the clerk of the county of Franklin on the 17th day of January, 1893, denying the plaintiff's motion to set aside the taxation of costs made by the clerk of the county of Franklin, and for a new taxation of costs.

*John P. Badger*, for the appellant.

*Cantwell & Cantwell*, for the respondent.

PUTNAM, J.:

This action was brought to recover damages for thirty-three alleged unlawful trespasses. The defendant in his answer does not deny plaintiff's title to the premises described in the complaint, and admits one or more trespasses; but alleges that, in pursuance of chapter 114 of the Laws of 1880, one Henry Foster, commissioner of highways of the town of Waverly, proceeded to lay out a highway where the alleged trespasses were committed, taking the steps required by statute to lay out such highway, and the defendant believing that the same was legally laid out, and before the court had decided the said act under which the proceedings were taken unconstitutional, was directed by said commissioner to cut some fallen trees at said place, and in obedience to said direction entered upon the premises on one occasion. Other matters are set up in the answer in the way of mitigation of damages.

The jury rendered a verdict for the plaintiff for six cents damages, and the defendant was awarded the costs of the action.

The plaintiff on this appeal claims that the question of title was raised by the answer and upon the trial, and, hence, that, recovering a verdict for six cents, he was entitled to the costs of the action.

We think that under the answer the plaintiff's title to the premises in question was not controverted. The allegation in the complaint, that plaintiff was the owner of said premises, was not denied in the answer, and, hence, such allegation stands admitted in the pleading. Nor does the answer allege that the place where the alleged trespasses were committed was a legal highway. It alleges that the highway was laid out under chapter 114 of the Laws of 1880, and "that this defendant verily believed that said highway, so laid out as aforesaid, was a legal highway, and properly opened to public travel; and that while said defendant so thought, and before the courts had passed upon the constitutionality of said act, the said commissioner of highways ordered and commanded this defendant to cut some fallen trees out of said highway, which the defendant did in or about the latter part of January, 1890, in pursuance of said command." It is evident that the answer does not aver that there was a legal highway where the alleged trespasses were committed, but rather that defendant at the time so thought. Nor was

the question of title raised on the trial. It is difficult to see how it could be raised under the pleading.

As the answer, therefore, does not controvert plaintiff's title to the premises, or allege a legal highway, it follows that, plaintiff recovering only nominal damages, defendant was entitled to recover the costs of the action.

We think, however, that some evidence was improperly received on the trial. The witness Webb testified as follows : " I recollect an occasion a short time before Mr. Dexter bought this Richard Gile's lot in question when there was a conversation between Mr. Alfred and Richard Gile about going across the premises. It was in my office. Gile was then the owner of the land. I think it was along in the fall of 1889 or about that time. Q. State the substance of the conversation. [Objected to by plaintiff as incompetent, immaterial and hearsay. Objection overruled. Plaintiff excepted.] A. Mr. Gile and Mr. Alfred were in my office in relation to this particular matter. Mr. Gile told Mr. Alfred that he could go across over his land, draw logs right along, and gave me instructions to draw up a writing to that effect. [Plaintiff moved to strike out the evidence on the ground that at most it was only a license which was revoked by the sale to Dexter, and the evidence was immaterial and incompetent. Motion denied. Plaintiff excepted.] That is the substance of it. Mr. Alfred wanted to cross the land, and Mr. Gile told him he could do it and wanted me to draw up a writing ; there was a writing drawn ; Mr. Gile was to come in and sign it, but he didn't execute it. [Plaintiff moved to strike out the testimony as to the writing. The motion was denied and plaintiff excepted. Plaintiff moved to strike out the testimony of the witness Webb as to the conversations with Richard Gile, on the grounds stated in the objections at the time, and also on the ground that there is no evidence that Gile owned the land or had any authority to give anybody permission to cross. Motion denied. Plaintiff excepted.] "

It was not material to the case that a former owner had given defendant license to cross over the land. Such evidence was entirely irrelevant. The complaint alleges that notice had been given by plaintiff to defendant before the alleged trespasses, that he, plaintiff, was the owner of the premises and forbidding any trespass thereon, and this allegation is not denied. The evidence so objected to and received may have influenced the verdict of the jury.

We are also unable to see how the testimony that the Shanley & Alfred Lumber Company had 40,000 logs cut at the end of the road so attempted to be laid out, and which there was no practical way of getting out except over said road, can be deemed competent. The fact that the defendant, or the co-partnership to which he belonged, had no other way of moving their logs except over the road so attempted to be laid out, did not justify a trespass on plaintiff's premises without his consent. We are unable to see that the fact so allowed to be proved tended to mitigate damages. This testimony may also have influenced the verdict.

On account of the receipt of this evidence, the judgment should be reversed, and a new trial granted, costs to abide the event.

HERRICK, J.:

The judgment being reversed, the orders for costs naturally fall with it; the appeals in the matter of costs, heard at the same term of this court, we see no occasion for passing upon at this time.

MAYHAM, P. J.:

I think the allegations in the amended answer from folio 38 down to and including the words " took place " in folio 41, were sufficient *prima facie* to show that the *locus in quo* was a public highway, and thus raise question of title to land, which, if pleaded in Justice's Court, would have ousted the justice of jurisdiction, and that the statement in the answer that the " defendant verily believed that said highway, so laid out as aforesaid, was a legal highway," was not such a necessary part of the pleading as to overcome the positive allegations of fact that this entry was upon a public highway, as set out in the answer.

The defendant having taken the responsibility of pleading a public highway in justification of his entry, his belief as to its legality becomes quite immaterial, and could not be the subject of proof on the trial.

But as illegal evidence was offered and received on the trial, the judgment should, for that reason, be reversed.

Judgment reversed, new trial granted, costs to abide the event.