### LITCHFIELD v. INTERNATIONAL PAPER CO. et al.

(Supreme Court, Appellate Division, Second Department. June 16, 1899.)

VENUE—ACTION AFFECTING REALTY.

　　An action to restrain the continuance of a dam, and for damages for flooding plaintiff's lands, is an action "to procure a judgment * * * affecting an estate * * * or other interest in real property," within Code Civ. Proc. § 982, requiring such action to be brought in the county where the lands are situated.

Appeal from special term.

Action by Edward H. Litchfield against the International Paper Company and others. From an order denying motions to change the place of trial (57 N. Y. Supp. 275), defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles McVeagh (Frederick B. Jennings, on the brief), for appellants.

Hamilton Wallis, for respondent.

PER CURIAM. The plaintiff is the owner and in possession of lands lying in the counties of Franklin and St. Lawrence. This action is brought to restrain the defendants from raising and maintaining a dam on Racquette river, in Franklin county, so as to flood such lands, and for damages. The venue of the action is laid in the county of Kings, where the plaintiff resides. After answer, two of the defendants moved to change the place of trial to St. Lawrence county, on the ground that that county was the proper place for the trial of the action. This motion was denied. Subsequently another defendant moved, upon the same ground, to change the place of trial to Franklin county. This motion was also denied. From the orders denying such motions these appeals are taken.

An action for trespass on land, under the old Code, was unquestionably local; for section 123, Code Proc., required that an action "for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property," must be tried in the county in which the subject of the action, or some part thereof, was situate. Section 982 of the Code of Civil Procedure omits the language "and for injuries to real property," and, instead thereof, provides "and every other action to recover, or to procure a judgment, establishing, determining, defining, forfeiting, annulling, or otherwise affecting, an estate, right, title, lien, or other interest, in real property, or a chattel real," shall be tried in the county in which the subject of the action is situated. It has been questioned whether the language of the present Code quoted includes an action of trespass, but the weight of authority in this court is to the effect that such an action falls within the provisions of the section. Easton v. Booth, 19 Wkly. Dig. p. 552; Freeman v. Thomson, 50 Hun, 340, 3 N. Y. Supp. 93; Dexter v. Alfred (Sup.) 12 N. Y. Supp. 365. The original note of Mr. Throop to this section of the Code of Civil Procedure shows clearly that it was not intended to make any actions transitory which by the old Code were local, but, on the contrary, to bring all equitable actions affecting the title of land within the rule applicable to actions at law. Unfortunately, by the change of phraseology adopted, he has created a greater uncertainty in the law on this subject than that which he sought to remove. Still, while the results of the alteration have not been satisfactory, in our opinion the codifier is not justly subject to criticism, for we are clear that an action for trespass is an action "to procure a judgment * * * affecting an estate, right, title, lien, or other interest in real property." Judgment in trespass may, and generally will, establish title to the property, as between the parties litigant. The case before us is substantially an action in trespass. In the complaint the acts of the defendants are, in terms, alleged to constitute trespasses on the plaintiff's lands. The relief sought is to restrain a continuance of the trespasses, and for damages already caused. The section of the Code applies to equitable actions equally with legal actions. Leland v. Hathorn, 42 N. Y. 547; Acker v. Leland, 96 N. Y. 383. The venue of the action should therefore have been changed either to St. Lawrence or Franklin county. Possibly, as a matter of strict right, the defendants

which first moved for a change of venue could by their motion have determined the election between the counties of St. Lawrence and Franklin; but in view of the fact that the venue was not so changed, and that the dam against which the plaintiff seeks relief is situate in Franklin county, we think the preferable county to which to relegate the action is that county.

The orders appealed from should be reversed, with $10 costs and disbursements on each appeal, and place of trial changed to Franklin county, with $10 costs, to abide the event of the action.