### SIMPSON et al. v. SIMPSON.

(Supreme Court, Appellate Division, Second Department. June 20, 1899.)

1. VENUE—ACCOUNTING—LEASE—PARTNERSHIP.

As real property owned by a partnership is, between the partners, regarded as personal property, an action by an executor for an accounting, and a decree declaring that a surviving partner has no personal interest in a lease, which was transferred to him by a deceased partner as his share of the partnership fund, to hold for the benefit of the firm as a partnership asset, and that it is a partnership asset, is a transitory action, and need not be brought in the county where the leased premises are situated, under Code Civ. Proc. § 982, providing that an action affecting a right or interest in real property must be brought in the county in which the subject of the action is situated.

2. SAME—TITLE TO ASSETS.

An action for an accounting, and to declare a lease to be a partnership asset, will not work a change in the title to the partnership property; and hence such an action, even if the lease be regarded as realty, is not a local action, within the meaning of Code Civ. Proc. § 982, which provides that an action affecting a right or interest in real property must be brought in the county in which the subject of the action is situate.

Appeal from special term.

Action by James S. Simpson and another, as executors and trustees, against Thomas Simpson, Jr., individually and as executor and trustee. From an order denying defendant's motion for a change of venue, he appealed. · Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edmund Luis Mooney (Frederick A. Card, on the brief), for appellant.

Albert G. McDonald, for respondents.

HATCH, J.   The claim of the defendant is that he is entitled to a change of venue as matter of right, for the reason that the issue involves the determination of a question affecting title to real property, and therefore, by virtue of the provisions of section 982 of the Code of Civil Procedure, the action is local in character. The character of the interest which is the subject of dispute is a leasehold of the building and premises 143 West Forty-Second street, in the city of New York. The plaintiffs are executors and trustees of the estate of Robert Simpson, deceased, and one of them resides in the borough of Brooklyn, county of Kings.  In his lifetime Robert Simpson was in partnership with the defendant, Thomas Simpson, Jr., and the firm carried on the business of pawnbroking upon the premises, and, since the decease of Robert, Thomas has continued to conduct the business and claims to be the owner of the lease in question.

We may assume, for present purposes, that the lease is properly denominated a "chattel real," and is therefore within the definition of the Code provision defining what constitutes a local action. The rights of the parties, however, are to be determined from the answer to be made to the question whether, in the particular case, the lease is to be regarded as a chattel real or an interest affecting real property, within the averments of the complaint, and, if so, whether its title is involved.   Insurance Co. v. Clark, 22 Hun, 506; Kearr v. Bartlett, 47 Hun, 245.   When the averments of the complaint are considered, it appears that the deceased took the lease a few months prior to the formation of the partnership; that he expended about $20,000 in repair of the premises, and that he subsequently transferred the lease to the defendant, placing it in his name for convenience, but without intent to vest him with title; that the lease was in fact a part of the contribution made by the deceased to the partnership; that the firm continued to enjoy the possession of the premises, paid the monthly rent reserved in the lease, together with taxes and water rates.   The relief prayed for is an accounting of the co-partnership; that the defendant be decreed to have no personal or private interest in the lease; that the interest of the estate of the deceased therein be ascertained; and other relief.   It is therefore evident, both from the averments and the prayer for relief, that the action is brought for an accounting and distribution of the partnership assets, and for an adjudication that the lease constitutes a part of such assets.

If the allegations of the complaint are true,—and they must be so treated for the purposes of this appeal,—then the action is one for the purpose of distributing the assets of this firm among the parties entitled thereto. This being the character of the action, and the property which is the subject of the issue being partnership property, is it to be regarded as real property, or an interest therein, within the meaning of the Code provisions? The character of real property, when held by a partnership, is not now a debatable question. For the purpose of paying debts and adjusting equities between the parties, it is to be regarded as personal property; and it makes no difference, under such circumstances, whether the property be held in the name of the firm or in that of an individual member, for the rule, in either case, is the same. Greenwood v. Marvin, 111 N. Y. 423, 438, 19 N. E. 228; Fairchild v. Fairchild, 64 N. Y. 471. It is asserted that this rule only obtains where there is an agreement that the real property shall be treated as partnership property. So far as it is asserted that there must be an express agreement to work such result, the claim cannot be sustained; for the law will imply such intent upon the part of the partners where equity requires, and the investment of the partnership funds in lands and chattels real, for the purpose of the partnership business, is sufficient to work such an implication, within the authorities which we have cited. Collumb v. Read, 24 N. Y. 505. The appellant seems to labor under the impression that this rule has been changed in Darrow v. Calkins, 154 N. Y. 503, 49 N. E. 61. On the contrary, the rule was therein expressly reaffirmed. Id., 154 N. Y. 516, 49 N. E. 64. It is quite true that in that case there was an agreement that the real property of the firm should be held as firm property, but such fact was not made the occasion or basis for the assertion of a rule that it was only where such agreement was present that the character of the property was changed. It cites with approval the doctrine of the earlier cases, and in terms, as we have seen, reaffirms such rule. It does not assume to question the authority of the Greenwood Case, supra, and therein it was stated that the real property of a partnership, when brought within the conditions which worked change in its character, became a mere chose in action, the title to which would pass by assignment. But, were the rule otherwise, it is quite apparent that the motion to change the venue was properly denied. The rule of the cases which we have cited determines that the surviving partner takes title to the whole property of the partnership. The present action is for an accounting, and upon such determination the title to the property will not be changed. The rights of the parties to the action will be established, but the title of the property will remain as before, subject to such disposition as the court directs for the purpose of distribution. It is therefore evident that the action is not for the determination of a title to, or interest in, real property, within the meaning of the Code. The order should therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.