### BARNES v. BARNHART et al.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

VENUE—LOCAL ACTIONS—DETERMINATION OF INTERESTS IN REAL PROPERTY.

　　A complaint counted on a written agreement for a business venture resulting in the purchase of lands, title to which was taken in the names of plaintiff and of one of defendants individually in trust. Sales were to be made, and the profits distributed in specified proportions. Losses resulted. Plaintiff claimed that he had contributed more than his proportionate share to sustain the venture, and asked judgment for an accounting and for a sale of the property. Defendant answered, admitting the agreement, and praying for a decree that the property be held in trust, as provided by the agreement, until it could be sold at a profit. *Held*, that the action was not one to recover or determine rights in real property, within the meaning of Code Civ. Proc. § 982, requiring such actions to be tried in the county where the property is situated.

Appeal from Special Term, Westchester County.

Action by Eugene Barnes against William H. Barnhart and others. From an order denying a change of venue, the defendant named appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Cyrus A. Bishop, for appellant.
Henry C. Griffin, for respondent.

JENKS, J. The plaintiff's cause of action arises out of a written agreement for a business venture which resulted in the purchase of lands in the city of Buffalo, of which the title was taken in the names of the plaintiff and the defendant Barnhart, who held them in trust for their benefit and that of their associates. The plaintiff and said defendant were to make sales from time to time, and the profits were to

be distributed in certain specified proportions. If the proceeds of the sales did not meet the fixed charges, taxes, and expenses, then the parties were to bear them in proportion to their respective interests. The plaintiff brings this action against Barnhart and his associates, complaining that the venture has brought losses, that he has contributed more than his proportionate share to sustain it, that defendants have not met their respective burdens, and that Barnhart has mismanaged affairs. He demands judgment for an accounting, and for a direction of sale and a disposition of the proceedings according to the respective rights.

The plaintiff laid the venue in Westchester county, where he resides, and Barnhart moved to change the place of trial to Buffalo, as a matter of right, under section 982 of the Code of Civil Procedure. As the action is not one enumerated in that section, the appellant must depend upon the provision:

"And every other action to recover, or to procure a judgment, establishing, determining, defining, forfeiting, annulling, or otherwise affecting, an estate, right, title, lien, or other interest, in real property, or a chattel real."

The defendant Barnhart, who alone appeals, confirms the agreement, and, by reason of his answer, asks that it be decreed that the best interests of all parties demand that the property be held in trust, as provided by that agreement, until a price showing profits can be obtained, and that the parties keep the agreement and its covenants. To adopt the language of Willard Bartlett, J., in Hogg v. Mack, 53 Hun, 463, 6 N. Y. Supp. 301, I do not think that "the judgment which is sought is one that by its very terms, or by reason of its form and by virtue of the express provisions therein contained, will affect the title to real property, or some interest therein." The title is now determined by the acknowledged agreement, which none seeks to disturb. The relief sought is an accounting pursuant to the rights of the parties, based upon the agreement, which specifically declares the title; and, although the property is subject to the direction of the court for distribution, which would require a sale thereof, the title is not affected. See Simpson v. Simpson, 41 App. Div. 449, 58 N. Y. Supp. 882.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.