(108 App. Div. 232.)

NORTH SHORE INDUSTRIAL CO. v. RANDALL et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

VENUE—REAL PROPERTY ACTIONS—MOTION FOR CHANGE—NOTICE.

Under Code Civ. Proc. § 982, providing that an action affecting an interest in real property must be tried in the county where the real property is situate, and section 986, providing that if within five days after service by defendant on plaintiff, with or before the answer, of a demand that the action be tried in the proper county, plaintiff does not consent thereto, defendant may within ten days thereafter serve notice of motion to change the place of trial, such a motion by the mortgagee defendant in an action to cancel a real estate mortgage should be granted, though another defendant, who has not appeared and whose time for doing so has not expired, has not been given notice of the application, as he could not prevent the change, which is a matter of right.

Appeal from Special Term, New York County.

Action by the North Shore Industrial Company against Charles J. Randall, individually and as administrator, and another. From an order denying a motion to change the place of trial, defendant Randall appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Maurice J. Moore, for appellant.
Jerome H. Buck, for respondent.

McLAUGHLIN, J. This action is brought to procure a judgment declaring void and to have canceled of record a mortgage held by the defendant Randall on certain real estate situate in the county of Suffolk. The venue was laid in the county of New York. Before answering, the defendant Randall demanded, in compliance with section 986 of the Code of Civil Procedure, that the place of trial be changed from the county of New York to the county of Suffolk, the proper county. The demand not being complied with, he thereupon made a motion that the place of trial be changed in accordance with his demand. The mortgagor, one Warden, was a codefendant; but he had not at that time appeared in the action, nor had his time to do so expired. The motion was denied, on the ground that Warden should have had notice, and Randall has appealed.

I think the motion should have been granted. An action affecting an estate, right, title, lien, or other interest in real property must be tried in the county where the real property is situate. Section 982, Code Civ. Proc. The mortgage sought to be annulled was a lien on real property situate in the county of Suffolk. The defendant appearing and contesting had the right, under the law, to have the place of trial changed to that county. Such change of venue being a matter of absolute right in Randall, whose mortgage was sought to be annulled, it was the duty of the court to have granted the motion, notwithstanding there was another defendant who had had no notice of the application. The other defendant had not appeared in the action, so as to be entitled, in strict right, to notice of the motion. If he had been served with notice, appeared, and opposed the motion, he could have done nothing to have prevented the order changing the place of trial, because the court had no discretion, and should have granted it as a matter of course upon the demand of any defendant whose rights were sought to be affected. Such seems to be the effect of section 986 of the Code of Civil Procedure, which provides that the defendant's attorney may serve, before answer, a demand that the venue be changed to the proper county, giving the plaintiff's attorney 5 days to comply therewith, and, if such consent be not given within that time, the defendant may, within 10 days thereafter, make his motion to change the place of trial. Manifestly all this may be done within the 20 days allowed for answer and before all codefendants have appeared, or even been served with process. Hence it seems plain that service of a notice upon a codefendant is not contemplated, nor a necessity.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

PATTERSON, INGRAHAM, and LAUGHLIN, JJ., concur. O'BRIEN, P. J., concurs in result.