### CHAPPELL v. CHAPPELL.

(Supreme Court, Appellate Division, Fourth Department.   March 25, 1908.)

1. "PARTNERSHIP"—NATURE OF RELATION.
   A partnership indicates that the partners are to engage in some definite business in which they are to share the profits, and the basis of the relation is a contract between them.

   [Ed. Note.—For other definitions, see Words and Phrases, vol. 6, pp. 5191–5202; vol. 8, pp. 7746, 7747.]

2. SAME—ACTION FOR ACCOUNTING—COMPLAINT—ALLEGATIONS OF PARTNERSHIP.
   A complaint in an action for a partnership accounting, which alleges that plaintiff and defendant became copartners in joint enterprises under an oral agreement, whereby the parties were to contribute money for joint enterprises thereinafter mentioned, and which does not state any partnership enterprises, but merely alleges that they invested the money in the purchase of promissory notes, household furniture, a mortgage on real estate, and certain lands, which further alleges that the partnership and joint enterprise arrangement was not entered into for any definite period, but its extent as to time and the nature of the enterprises to be carried on were indefinite and subject to the volition of the parties at all times, does not sufficiently allege the partnership relation.

3. VENUE—ACTIONS AFFECTING REAL PROPERTY.
   Where a complaint in an action for a partnership accounting alleges that partnership funds were invested in real estate situated in another county from that in which the action was brought, and the answer denies the

existence of the partnership and claims that the parties hold the real estate as tenants by the entirety, the place of the trial of the action was properly changed to the county where the real estate was situated under the provisions of Code Civ. Proc. § 982, providing that an action affecting real property must be tried in the county in which the subject of the action is situated. •

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, § 4.]

McLennan, P. J., dissenting.

Appeal from Special Term, Niagara County.

Action by Charles L. Chappell against Lydia Chappell. From an order changing the place of trial from Niagara county to Schenectady county, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

G. D. Judson, for appellant.
George F. Thompson, for respondent.

SPRING, J. This action for an accounting was originally brought in the county of Niagara, and the defendant, after a demand and after service of answer, moved to change the venue on the ground that the subject of the action, or some part thereof, was situate in the county of Schenectady. Section 982, Code Civ. Proc.

The plaintiff contends that the action is for the dissolution of a copartnership, and in his prayer for relief he asks for an accounting for that reason. At the outset I think the complaint does not allege facts sufficient to establish that a copartnership relation existed between the parties. The complaint does state in general terms that in 1900 the parties "became copartners in joint enterprises under an oral agreement, whereby" the parties were to contribute moneys "for the joint enterprises hereinafter mentioned." No partnership enterprises are set out in the complaint. It alleges that they invested money in the purchase of promissory notes, in household furniture, in a mortgage upon real property in the county of Schenectady, and also in real estate situate in that county. The character of the ownership itself refutes the proposition that a copartnership was intended by these investments. A partnership indicates that the partners are to engage in some definite business in which they are to share the profits. The basis of the relation is a contract between the parties, and it is not alleged that there was any agreement to engage in any business enterprise whatever. Further, the complaint alleges:

"That said partnership and joint enterprise arrangement was not entered into for any specific or definite period, but its extent as to time and the nature of the enterprises to be carried on were indefinite and subject to the volition of the parties at any and all times."

Assuming, however, that a copartnership relation may be spelled out of the complaint, we still think the order should be affirmed.

The complaint alleges the specific property which is within the copartnership, all of which is in the county of Schenectady where the defendant resides. Included in that property is the mortgage and

real estate already referred to. An answer has been interposed denying the copartnership and alleging as to the real property that the parties own the same as tenants by the entirety, as the conveyance on its face indicates. The plaintiff has tendered this issue, and it is one of the issues to be tried. The plaintiff does not establish his cause of action merely by proving that the copartnership exists. He must also establish what property is within its compass, and his allegations denote that he expects so to do. The issue then to be disposed of is whether the real estate and the mortgage are copartnership property. As a result of the trial of this issue, a finding will be made to the effect that the property mentioned is copartnership property, or, if the defendant succeeds, that she is an owner therein. The plaintiff, therefore, is seeking to procure a judgment establishing that the title to said property is in the copartners, or at least the "estate, right, title, or lien or other interest in real property" will be affected by the decision in this case.

The plaintiff has cited two cases—Simpson v. Simpson, 41 App. Div. 449, 58 N. Y. Supp. 882, and Barnes v. Barnhart, 102 App. Div. 424, 92 N. Y. Supp. 459. These cases are not applicable. In the case first cited the complaint alleged a copartnership, and no answer was interposed. The existence of the copartnership relation was therefore conceded; and there was no issue of title to property to try. The same is true of the other case cited, which simply involved the distribution of assets and the legal title of the parties to the property affected was not in controversy.

The appellant also relies upon authorities which determine that copartnership real property is for certain purposes to be treated as personal property in order to adjust the equities between the parties, and also for the purpose of paying debts of the firm. There is not any doubt of that rule; and, if it was conceded in this case that this property was copartnership property, and other issues as to the rights of the parties therein were those to be tried, the appellant's position would be invulnerable. The issue, however, does not relate to the division or distribution of copartnership assets. At the threshold of the inquiry, we are met with the controversy, and the only one to be tried, that this real estate situate in the county of Schenectady, nor any of the property in fact, is copartnership property at all.

The order should be affirmed, with costs. All concur. KRUSE and ROBSON, JJ., on first ground only, except McLENNAN, P. J., who dissents in an opinion.

McLENNAN, P. J. (dissenting). This is an appeal from an order granting defendant's motion to change the venue of this action from Erie to Schenectady county, made solely upon the ground that a determination affecting the title to real property situate in Schenectady county is involved, within the meaning of section 982 of the Code of Civil Procedure. If any cause of action is stated in the complaint, it is for the dissolution of an alleged copartnership and for an accounting. No other relief is demanded, and only such facts are alleged as are assumed to be pertinent to that issue. Certainly a cause of action

in partition is not alleged because it is distinctly stated that the plaintiff is not in possession of the real estate in Schenectady county. Section 1532 of the Code of Civil Procedure. The fact that certain property which it is claimed belongs to the copartnership consists of real estate and is situate in Schenectady county does not entitle the defendant to a change of venue under section 982 of the Code of Civil Procedure, notwithstanding it may become necessary in such action to determine whether or not such real property belongs to the copartnership, and to adjust the rights of the copartners therein or to the proceeds thereof upon an accounting. Simpson v. Simpson, 41 App. Div. 449, 58 N. Y. Supp. 882; Barnes v. Barnhart, 102 App. Div. 424, 92 N. Y. Supp. 459. The mere fact that the title to real estate may have to be determined in an action for dissolution of a copartnership is simply an incident to the main issue, and does not bring the case within the section of the Code referred to. Hogg v. Mack, 53 Hun, 463, 6 N. Y. Supp. 301. It seems to be well settled that the right to a change of venue under the section of the Code in question must be determined upon the allegations of the complaint; that it is not permissible for a defendant to procure such change because of denials or affirmative allegations in his answer. Otherwise the venue of every action brought to dissolve a copartnership and for an accounting, where it is alleged that the copartners are the owners of real property in a county other than that in which the venue is laid, must be changed whenever a defendant sees fit to deny such real property belongs to the copartnership.

The question presented by this appeal is, as it seems to me, very important. If a member of a copartnership brings an action for its dissolution and for an accounting, and alleges in his complaint that such copartnership owns certain real estate in a county other than that in which the venue is laid, if his copartner denies the allegation in respect to such real property, that fact does not entitle the defendant to a change of venue to the county where such real estate may be situate. If, in such action, it should appear by the allegations of the complaint that the copartners owned real estate situate in many counties of the state, it would be difficult to determine in which of the counties such action should be prosecuted to final judgment. I think the proposition is not supported, either by authority or sound reasoning.

But it is said in the prevailing opinion that the complaint does not allege facts sufficient to establish the existence of a copartnership, or at least that the property therein referred to is held or owned as partnership property. If such be the fact, then certainly the venue of the action ought not to be changed, but rather a demurrer to the complaint should be interposed, or, if the case proceeds to trial, a motion should be made to dismiss because of lack of proof to support the allegations of the complaint. But in such case it would be highly improper, as it seems to me, to compel the plaintiff to go to a distant county to have such questions settled. If, upon the trial, the plaintiff were given permission to amend his complaint in such manner as to bring it within the provisions of the section of the Code, it would then be time to entertain a motion for change of venue, and the court could impose such conditions as would protect the rights of the defendant in the

premises. But it is evident from all the allegations of the complaint in this case, and from the demand for relief, that the plaintiff only seeks and desires to dissolve a copartnership which he alleges exists between himself and the defendant, and to procure an accounting as between them. Under such circumstances, he ought not to be compelled to go to Schenectady county to have those issues determined simply because he alleged that certain property which he claims belongs to the copartnership is situate in that county, and which allegation is put in issue by the denial of his copartner, the defendant.

The order appealed from should be reversed, with costs.