(164 App. Div. 203)

### NASSAU HOTEL CO. v. BARNETT et al.   (No. 6173.)

(Supreme Court, Appellate Division, First Department.   November 6, 1914.)

1. VENUE (§ 5*)—CHANGE OF VENUE—REAL ACTION—CANCELLATION OF LEASE—TRESPASS.

Code Civ. Proc. § 982, provides that an action of ejectment, to compel the determination of a claim to real property, and every other action to recover or to procure a judgment establishing, determining, defining, forfeiting, annulling, or otherwise affecting an estate, right, title, lien, or other interest in real property or a chattel real shall be tried in the county where the subject of the action is situated. *Held* that, while the mere fact that title to real estate is involved in an action does not necessarily bring it within the section, yet if the judgment demanded involves a change in the title the action is within the section; and hence a suit to cancel a lease of hotel property located in N. county because of an alleged illegal assignment thereof to a corporation, and to have the corporation adjudged a trespasser and responsible to plaintiff for rents and profits, was properly triable in that county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 4-11; Dec. Dig. § 5.*]

2. VENUE (§ 5*)—NATURE OF ACTION—TRESPASS.

An action for trespass to real property must be tried in the county where the trespass was committed, under Code Civ. Proc. § 982, providing the venue for real actions.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 4-11; Dec. Dig. § 5.*]

Appeal from Special Term, New York County.

Action by the Nassau Hotel Company against Eudoise Barnett and others.   From an order denying a motion of defendant, the Barnett & Barse Corporation to change the place of trial from New York county to Nassau county, the corporation appeals.   Reversed, and motion granted.

See, also, 147 N. Y. Supp. 1128.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry H. Abbott, of New York City (E. A. Craighill, Jr., of New York City, on the brief), for appellant.

Martin Conboy, of New York City, for respondent.

LAUGHLIN, J.   The motion was made on the ground that the action falls within the provisions of section 982 of the Code of Civil Procedure, and that the issues must be tried in the county of Nassau, where the real estate to which the action relates is situated.   The provisions of that section are as follows:

"Each of the following actions must be tried in the county in which the subject of the action, or some part thereof, is situated: An action of ejectment; for the partition of real property; for dower; to foreclose a mortgage upon real property, or upon a chattel real; to compel the determination of a claim to real property; for waste; for a nuisance; or to procure a judgment, directing a conveyance of real property; and every other action to recover, or to procure a judgment, establishing, determining, defining, forfeiting, annulling, or otherwise affecting, an estate, right, title, lien, or other interest,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

in real property, or a chattel real. But where all the real property, to which the action relates, is situated without the state, the action must be tried as prescribed in section 984 of this act."

This court had occasion to consider the issues in this action on an appeal from an order denying a motion for judgment on the pleadings and overruling a demurrer to the complaint. Nassau Hotel Co. v. Barnett, 147 N. Y. Supp. 283.

The complaint shows that the plaintiff owns certain premises at Long Beach, in the county of Nassau, on which it erected a hotel; that on the 21st day of November, 1912, it leased the same to defendants Barnett and Barse, who were copartners, for a period of three years from the 1st day of May thereafter, with the privilege of five successive renewals of three years each, which lease was modified in writing on the 14th day of April, 1913; and that plaintiff delivered possession of the hotel to said defendants pursuant to the terms of said lease as modified. Other facts are alleged, from which the plaintiff claims that the lease was personal and contemplated the management of the hotel by the defendant Barnett, and was not assignable; and this court in construing the lease so held. The plaintiff further shows that the defendants Barnett and Barse organized and incorporated the defendant corporation with a view to assigning said lease to it, and formally assigned the lease and delivered possession of the hotel to the defendant corporation, which thereunder assumed the control and management thereof. The plaintiff demands judgment that the lease be rescinded and canceled, and that the defendants account to plaintiff for the profits derived from the operation of the hotel, and that defendants—

"be adjudged and decreed to have no further right of possession to said premises under said agreements, and be directed to deliver possession of the same to the plaintiff, and that the defendant Barnett & Barse Corporation be adjudged a trespasser upon the property of the plaintiff, and responsible as such to the plaintiff, and that an accounting be had of the amount due by said defendant to the plaintiff by reason of the trespass by it committed."

It thus appears that the plaintiff demands judgment, among other things, for the cancellation of the lease and for possession of the premises. Both of those demands affect all of the defendants, for, although plaintiff does not ask to have the assignment of the lease canceled, it is manifest that if the lease be canceled the assignment will fall with it. In addition to this, with respect to the appellant, the plaintiff demands the assessment of damages for the alleged trespass. It would seem, therefore, that these facts bring the case so clearly within the provisions of section 982 of the Code of Civil Procedure that the citation of authorities would be unnecessary; but, since the motion was denied, it is proper to call attention to some of the authorities tending to sustain the appellant's right to have the case tried in Nassau county, and to distinguish others.

The mere fact that the *title* to real estate is involved in an action does not necessarily bring the case within the provisions of this section; but the section applies if the judgment demanded involves *a change* in the title. An action to rescind an executed contract of sale

of land, the necessary effect of which would be to affect the change of title, is within the section. Birmingham v. Squires, 139 App. Div. 129, 123 N. Y. Supp. 906. It has been held that an action to set aside a general assignment for the benefit of creditors involving real estate falls within the provisions of this section. Acker et al. v. Leland et al., 96 N. Y. 385; Iron Nat. Bank v. Dolge, 46 App. Div. 327, 61 N. Y. Supp. 680. In Chappell v. Chappell, 125 App. Div. 127, 109 N. Y. Supp. 648, affirmed 193 N. Y. 653, 86 N. E. 1122, which was an action for the dissolution of a coparnership and for an accounting, wherein it was alleged that certain real estate belonged to the firm, and wherein the defendant denied the existence of the coparnership and claimed that the real estate was held by the parties as tenants by the entirety, it was held that, since the judgment would determine an interest in the real estate, the action was local and must be tried in the county where the land was situated. In North Shore Industrial Co. v. Randall, 108 App. Div. 252, 95 N. Y. Supp. 758, it was held that an action to cancel a mortgage fell within the provisions of this section.

[2] To say that the leases were not assignable begs the question, for appellant is in possession under the assignment and claiming the right to possession thereunder, and its claim requires an adjudication, the result of which will be to secure it in its right to possession or to restore possession to plaintiff. Moreover, an action in trespass must be tried in the county where the trespass was committed. Litchfield v. International Paper Co., 41 App. Div. 446, 58 N. Y. Supp. 856. It is quite clear, therefore, under the authorities, as well as the plain provisions of the Code, that this action falls within the provisions of said section, and the motion should have been granted.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

### In re GARSIDE. (No. 6239.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

1. TRUSTS (§ 283*)—"ASSIGNMENT" OF INTEREST—CONSTRUCTION OF AGREEMENT—VALIDITY.

An agreement, upon consideration, by one having a beneficial interest under a will, that the trustee thereunder, so long as he performed his obligations, was to be subrogated to such interest, without words of transfer of the estate itself, was not an "assignment" of such interest, and, if so construed, would be void under Real Property Law (Consol. Laws, c. 50) § 105, providing that, where a trust is expressed in an instrument creating the estate, every act of the trustee in contravention of the trust shall be absolutely void.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 403, 404; Dec. Dig. § 283.*

For other definitions, see Words and Phrases, First and Second Series, Assignment.]

2. COURTS (§ 201*)—JURISDICTION OF SURROGATE'S COURT—SETTING ASIDE VOID ASSIGNMENT.

The Surrogate's court has jurisdiction to consider an agreement between one having a beneficial interest under a will and the trustee under

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes