MARY L. E. JOHNSON, Respondent, *v.* EUGENE B. MILLARD and J. EDWIN RICE, Appellants.

Fourth Department, December 2, 1921.

**Trial — action to recover damages for unlawfully cutting timber — place of trial in county where land situated — on application to change place of trial to proper county convenience of witnesses cannot be considered in absence of notice for alternative relief — after change to proper county then application may be made to change to another county for convenience of witnesses.**

On a motion to change the place of trial of an action to recover damages for unlawfully cutting timber to the county in which the land is situated, which is the proper county under section 982 of the Code of Civil Procedure, the plaintiff cannot show that the county in which the venue is laid is more convenient for witnesses, especially if he has not served the notice required by section 768 of the Code of Civil Procedure asking for alternative relief.

After the place of trial has been changed to the proper county then the plaintiff may move for change of venue on the ground of convenience of witnesses.

APPEAL by the defendants, Eugene B. Millard and another, from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Oneida on the 14th day of November, 1921, denying defendants' motion to change the place of trial from the county of Oneida to the county of Lewis for the convenience of witnesses.

*Charles E. Norris,* for the appellants.

*Russel S. Johnson* and *W. J. B. Williams,* for the respondent.

PER CURIAM:

This is an action for damages for unlawfully cutting timber and is governed by section 982 of the Code of Civil Procedure. When such action is commenced in a county other than the one where the land is situated, the place of trial should be changed upon motion to the proper county. (*Freeman* v. *Thomson,* 50 Hun, 340; *Dexter* v. *Alfred,* 35 N. Y. St. Repr. 489.) Upon this motion the plaintiff should not have been

permitted to read affidavits tending to show that the county where the venue is laid is more convenient for witnesses, even if she would have had the right to do so if she had served the notice provided by section 768 of the Code of Civil Procedure, as such notice was not served. After the venue has been changed to the proper county, the plaintiff may move under section 987 of the Code of Civil Procedure for a change of venue for the convenience of witnesses. (*Sylvester* v. *Lewis,* 55 App. Div. 470; *Veeder* v. *Baker,* 83 N. Y. 156.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.