EDWIN FOLEY and Others, Respondents, *v.* TOWN OF HEMPSTEAD, Appellant.

First Department, April 6, 1934.

*James N. Gehrig* of counsel [*Jeremiah Wood*, attorney], for the appellant.

*Abraham Green* of counsel [*Julius Kahn* and *Abraham Green*, attorneys], for the respondents.

UNTERMYER, J. The plaintiffs, residents of New York county, have brought this action in the Supreme Court of that county against the town of Hempstead for damages for personal injuries which are alleged to have been suffered in consequence of its negligence in the construction and maintenance of certain highways

within the limits of the town. The defendant moved at Special Term to change the place of trial from New York county to Nassau county, where the cause of action arose, contending that the proper county for the trial of the action was the county within which the town of Hempstead is situated. From the order denying that motion the town appeals.

There is no statute excluding towns from the general provisions of article 23 of the Civil Practice Act which regulates the place of trial of actions of this character. By special provision (Civ. Prac. Act, § 184) actions against public officers must be tried in the county where the cause of action has arisen. By the Second Class Cities Law (§ 242) it is further provided that actions against second class cities must be tried in the county in which the city is situated. Probably these exceptions were enacted because it was considered to be inconsistent with the public interest to require public officers and the employees of cities of the second class to suspend performance of their duties in order to attend a trial in a distant county of the State. No doubt a further reason was the inconvenience, and the danger also, of allowing records to be taken from the county where, at any moment, they might be required in relation to the public business. The defendant contends that for the same reasons the same policy should be extended to include towns. There would be force in that contention were the argument directed to the Legislature rather than to us. We must apply these statutes as they have been written. Thus applying them, we find the general provisions of the Civil Practice Act (Art. 23) to include all parties, corporate and individual, unless some special exception has been made. There is no such exception in favor of the defendant, arising from the fact that it is a town. The action here is not against a public officer. The defendant is not a city of the second class. Therefore, in the absence of other conditions entitling the defendant to a change of venue, the plaintiffs may maintain the action in the county of New York where they reside.

The order should be affirmed, with twenty dollars costs and disbursements.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order affirmed, with twenty dollars costs and disbursements.