In the Matter of TWENTYFIVE BROADWAY CORPORATION, Appellant-Respondent, against TAX COMMISSION OF THE CITY OF NEW YORK, Respondent-Appellant. [25 Broadway, Borough of Manhattan.] — Order unanimously affirmed. No opinion. Present — Peck, P. J., Callahan, Breitel, Botein and Rabin, JJ.

■

DAN GOLENPAUL et al., Individually and as Members of the Steering Committee of the Tenants Protective Committee of 875 Fifth Avenue, Appellants, et al., Plaintiffs, and JOSEPH D. McGOLDRICK, as State Rent Administrator, Intervener-Appellant, v. DAVID W. FRANKEL et al., Respondents.— Judgment dismissing the complaint after trial, unanimously affirmed, with costs. On this record plaintiffs do not establish any right to relief under the previous holdings in this court (*Judson* v. *Frankel,* 279 App. Div. 372; *Gilligan* v. *Tishman Realty & Constr. Co.,* 283 App. Div. 157, affd. 306 N. Y. 974; *People ex rel. McGoldrick* v. *Sterling,* 283 App. Div. 88). Nor is any additional ground for relief suggested in the absence of a showing that the sale price to Frankel and his associates was collusive or contrived. Nor do we find any basis for relief under the regulations of the State Rent Commission as now constituted or as now administered. In so holding we do not purport to limit the State Rent Administrator, at least with respect to matters that may arise in the future, in any action that he may be advised to take for the purpose of clarifying or limiting the terms "cooperative corporation or association" as they are presently found in the regulations. (State Rent and Eviction Regulations, § 55, subd. 3.) Present — Cohn, J. P., Callahan, Breitel, Bastow and Botein, JJ.

■

CHARLES JACOBY, Respondent, v. ALGONQUIN GAS TRANSMISSION COMPANY, Appellant.— Order denying defendant's motion for a change of venue, from New York County to Westchester County, unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted. The action comes within the provisions of subdivision 9 of section 183 of the Civil Practice Act. The pleadings indicate that the defendant claims certain rights, not only to the seventy-five-foot right of way concededly granted to it, but also with respect to other lands, it having been given the right to "remove and to clear all rocks, trees, brush, limbs, structures, and other obstructions, which might interfere with the right of way" (Grant of Easement made a part of the answer). Here then is an issue "affecting an * * * interest in real property" (Civ. Prac. Act, § 183, subd. 9). Besides, being an action in trespass, it must be tried in the county where the trespass was committed (*Litchfield* v. *International Paper Co.,* 41 App. Div. 446; *Nassau Hotel Co.* v. *Barnett,* 164 App. Div. 203). Settle order on notice. Present — Peck, P. J., Breitel, Bastow, Botein and Rabin, JJ.

■

ALINE McE. JOSEPH, Individually and as Administratrix of the Estate of ABATHA JOSEPH, Deceased, Respondent, v. CHARLES McVEIGH et al., Individually and as Executors and Trustees under the Will of LEWIS S. MORRIS, Deceased, et al., Defendants, and CITY OF NEW YORK, Appellant.— Motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Present — Cohn, J. P., Callahan, Breitel, Botein and Rabin, JJ. [See *ante,* p. 386.]