Samuel H. Hofstadter, J.
The petitioner as the owner and landlord of the property 935 Park Avenue, New York, New York, has instituted this proceeding under article 78 of the Civil Practice Act for an order declaring void certain amendments to the State Rent and Eviction Regulations of the Temporary State Housing Rent Commission dealing with co-operative apartments. The proceeding begun in January, *962 1957, and, originally returnable on January 31, 1957, has been adjourned from time to time and was finally submitted for decision on January 31, 1958. The basic amendment (No. 39) challenged by the petitioner became effective on June 30, 1955 and has been supplemented since by additional amendments (Nos. 43 and 45) aimed to implement the basic amendment. The petitioner contends that the amendments are beyond the power of the commission.
Neither the petitioner’s protest denied by the State Bent Administrator, nor the petition herein, shows the impact of the challenged amendments on the petitioner; the respondent has, however, not questioned the maintainability of the proceeding and has met the attack on its merits. Accordingly the court will pass on the merits.
The amendments of which the petitioner complains give added protection to tenants of controlled apartments in a co-operated building. To this end they provide that a co-operative plan cannot be declared effective unless 35% of the tenants in occupancy have purchased the stock for their apartments within six months after the plan has been promulgated, and that after such purchase by the necessary 35%, the remaining tenants have an additional 30 days within which to purchase the stock allocated to their respective apartments on the terms previously offered. The amendments also prescribe an exclusive option to tenants in possession to buy the stock allocated to their apartments for 60 days from the date of presentation of the plan to the tenants. By the regulation, as amended, the plan is deemed abandoned if not accepted by 35% of the tenants in occupancy within six months of the date of its submission.
The petitioner argues that the foregoing regulations unwarrantably impeded the carrying out of co-operative plans. The petitioner has, however, wholly failed to show that they are not within the area of the administrative discretion which the Legislature has given the commission. It is self-evident that the regulations aim to afford tenants a reasonable opportunity to weigh calmly the desirability and feasibility of purchasing the stock allocated to their apartments, without being stampeded into hasty action through fear of losing their homes. The provision that the plan be deemed abandoned if not effective within six months tends to counteract the uncertainty to which tenants are necessarily subjected if a plan is allowed to hangover their heads indefinitely. It is well within the competence of the commission to make regulations to meet these evils and to modify them from time to time as experience demands. Flexibility, rather than rigidity, makes for a more efficient and *963 equitable administration of rent control. (See Golenpaul v. Frankel, 285 App. Div. 941; Matter of B. G. L. V. Co. v. Temporary State Mousing Rent Comm., 4 N Y 2d 718.)
The petition is accordingly denied and the proceeding is dismissed.