William R. Brennan, Jr., J.
The plaintiffs have brought an action against the defendants, one of which is the Town of Hempstead, for trespass upon a roadway, title to which they claim, and for an injunction against a continuance of the trespass, as well as for other relief in the nature of restraining a nuisance. The defendants have moved for a change of venue to the County of Nassau.
The plaintiffs raise a preliminary objection that the motion does not lie because the demands and affidavits for change of venue were not made by the defendants, both of whom are corporations, in person. Reliance is placed upon certain changes in the language of rule 146 of the Rules of Civil Practice made in 1942. It is unnecessary to elaborate upon the changes in the language or the argument of the plaintiffs based thereon. The Seventh Annual Report of the New York Judicial Council (1941) which recommended the changes made in the rule states (p. 297): “ In conformity with the usual practice, it is provided in the amended Rule that these acts are to be performed by the party. The attorney will still be able, however, to perform these acts on behalf of the party.” The objection is overruled.
The defendants rely on section 66 of the Town Law, as added in 1934 (L. 1934, ch. 674). This section provides: “1. The place of trial of all actions and proceedings against a town or any of its officers or boards shall be the county in which the town is situated. ’ ’ The plaintiffs argue that section 182 of the Civil Practice Act which permits venue in the county in which one of the parties resided at the commencement thereof must prevail. Omitting for the moment reference to the exceptions to section 182, which will be discussed below, the short answer is that the Town Law section with reference to venue was adopted long after section 182 of the Civil Practice Act and its predecessor and, were the court required to do so, it would rule that to the extent that the section of the Town Law and *524 the provisions of the Civil Practice Act are in conflict, the Town Law provision is controlling.
However, it is unnecessary to explore this contention further since section 183 of the Civil Practice Act provides an exception to the residence rule in the language of subdivision 9 which provides for trial in the county in which the subject of the action is located of: “ Every other action to recover or to procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property or a chattel real.” It has repeatedly been held that an action in trespass must be held in the county where the trespass was committed. (Jacoby v. Algonquin Gas Transmission Co., 285 App. Div. 941; Rothlein v. Hewitt, 29 Misc. 664; Litchfield v. International Paper Co., 41 App. Div. 446.)
To the extent that the action seeks to restrain a possible nuisance, it also falls within the provisions of subdivision 7 of section 183. (Tenperal Homes v. Italiano, 140 N. Y. S. 2d 148.) Accordingly, the motion for a change of venue is granted.