Bernard S. Meyer, J.
In this action plaintiff seeks damages (including treble damages pursuant to section 861 of the Beal Property Actions and Proceedings Law) for cutting of trees and other injury to property located in St. Lawrence County. Plaintiff resides in both Nassau and St. Lawrence Counties and the action is, therefore, properly brought in Nassau, CPLB 503 (suhd. [a]), unless it must be considered an action affecting “ title to, or the possession, use or enjoyment of, real property ” within the meaning of CPLB 507, Beluctantly, the court concludes that it must order the change of venue sought, but in the hope that its order will be appealed and in the interest of clarifying the place of appeal, the order to be entered hereon will direct, pursuant to the authority given the court by CPLB 511 (subd. [d]), that appeal from its provisions be to the Appellate Division, Second Department, and will stay transfer of the file by the Clerk of Nassau County until the time to appeal has expired or the appeal has been determined.
The action is one for money damages; in effect it seeks damages for conversion of the trees and to the extent that it asks treble damages may be considered an action for a penalty provided by statute. Though it encompasses elements of trespass, not every trespass action falls within the reasons usually advanced for requiring trial of real property actions locally (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 507.05). While the Field Code made an action for “ injuries to real property” a local action, that phrase was dropped when the Throop Code was enacted, ibid. Nonetheless, in Johnson v. Millard (199 App. Div. 73) and Freeman v. Thomson (50 Hun 340), both decided after the revision of the section, it was held that an action for unlawfully cutting timber is local. Moreover, in other trespass actions the determination that such actions are local was adhered to, notwithstanding argument based on the change in the language of the section (Litchfield v. International Paper Co. (41 App. Div. 446; Easton v. Booth, 32 Hun 464, opinion in 19 N. Y. Week. Dig. 552 [Dykman, J.]; Dexter v. Alfred, 74 Hun 259). The language of the provision was changed once again with the enactment of the CPLB, but the Advisory Committee made clear that though the language of CPLB 507 differed from subdivision 9 of section 183 of the Civil Practice Act “ No change of substance is intended ” (First Preliminary Report of Advisory Comm. on Practice and Procedure, p. 22).
*992 On reason and logic, the change of venue as a matter of right should not be ordered (see Ann. 65 ALR 2d 1268). In view of the Johnson and Freeman cases, however, the court deems itself bound to order the change. That conclusion makes it unnecessary to rule upon the contention that the change should be ordered for the convenience of witnesses, but were it necessary to do so, the court would deny the requested change.