Frank X. Altimari, J.
The plaintiffs, Town of Hempstead, Town of Oyster Bay, and Incorporated Village of Atlantic Beach, three municipal corporations located in the County of Nassau, have brought this action to enjoin the defendants from discharging sewage into the harbors and waters surrounding New York City. They allege that such sewage and other offensive materials have been carried and washed ashore onto the plaintiffs’ public beaches wholly located on the south shore of Nassau County. It is claimed that the defendant’s, acts have caused a public nuisance and continuing trespass upon real property located in Nassau County. In addition to injunctive relief each plaintiff seeks monetary damages and a reordering of priorities in defendants’ budget making process.
The defendant, City of New York, moves to change the venue of the within action to New York County, and the plaintiff, Town of Hempstead, cross-moves to retain the venue of this action in Nassau County.
The instant motions present a conflict between two venue provisions of the CPLR (cf. CPLR 504, subd 3 with CPLR 507).
On the one hand, the defendant, City of New York asserts that the venue of the within action belongs in New York County, pursuant to CPLR 504 (subd 3). The city contends that the cited provision controls actions against municipalities.
On the other hand, the plaintiffs maintain that the action *368 herein is to abate a public nuisance and continuing trespass and for monetary damages. The plaintiffs claim that the defendants’ acts and failures to act interfere with their use and enjoyment of real property wholly located within the County of Nassau, and that CPLR 507 controls the venue of this lawsuit.
At the outset this court notes that CPLR 504 and CPLR 507 rather than CPLR 503 (subds [a], [c]) control the venue of this action. (2 Weinstein-Korn-Miller, NY Civ Prac, pars 504.03, 507.02.)
Thus, the tug of war between CPLR 504 and CPLR 507 remains. Although CPLR 504 and CPLR 507 are couched in mandatory terms, neither provision is entitled to absolute application.
The court may look to the subject matter of the lawsuit, the identity of the parties, the convenience of the witness and the interests of justice (CPLR 510; City of New York v Town of Colchester, 28 Misc 2d 426, affd without opn 16 AD2d 772; Kenford Co., v County of Erie, 38 AD2d 781).
The instant action involves a continuing public nuisance and continuous trespass upon a large expanse of beaches located wholly in Nassau County. The three plaintiff municipalities are located in Nassau County.
The basis of the venue rule (now CPLR 504) in actions against municipalities was described in Foley v Town of Hempstead (241 App Div 1). There the court stated (p 2): "Probably these exceptions were enacted because it was considered to be inconsistent with the public interest to require public officers and * * * employees * * * to suspend performance of their duties in order to attend a trial in a distant county of the State. No doubt a further reason was the inconvenience, and the danger also, of allowing records to be taken from the county where, at any moment, they might be required in relation to the public business.” (See, also, 2 Weinstein-Korn-Miller, NY Civ Prac, par 504.02.)
The rationale expressed in the Foley decision (supra) applies equally to the three plaintiff municipalities here. If venue were to be changed, officials and employees of the Town of Hempstead, Town of Oyster Bay and the Incorporated Village of Atlantic Beach would be required to travel to New York County. Moreover, three municipalities would be required to transport records.
Nevertheless, the bottom line in this action, is that the *369 public officers and employees will be performing their public duties and obligations and furthering the public interest by their participation. Moreover, today’s technology allows for reproduction of records and documents so that inconvenience or the danger of loss is minimized.
The argument that the convenience of witnesses and the ends of justice would be better served by changing venue is of no moment. It is as convenient for defendants’ witnesses to testify in Nassau . County as it is for the three municipal plaintiffs’ witnesses to testify in New York County.
However, this court concludes that where it is alleged that a municipality has continuously permitted a public nuisance and trespass to occur, which acts or omissions to act affect other municipalities’ use and enjoyment of their real property, the venue of the action belongs in the county where the real property is located (Geidel v Niagara Mohawk Power Corp., 46 Misc 2d 990; Litchfield v International Paper Co., 41 App Div 446; Johnson v Millard, 199 App Div 73).
This court is cognizant that the venue rule that trespass actions are "local” has been criticized. (See 2 Weinstein-Korn-Miller, NY Civ Prac, par 507.05; Geidel v Niagara Mohawk Power Corp., supra). However, the action herein is based upon an alleged continuous trespass and public nuisance and not upon a one-time trespass or conversion of timber (Geidel v Niagara Mohawk Power Corp., supra, and cases cited therein).
The defendant, City of New York, also claims that the within action should be heard in New York County pursuant to CPLR 6311. However, the plaintiffs herein are not seeking to restrain a municipal corporation or board from performing a statutory duty.
Based upon the foregoing discussion of the relevant factors, this court concludes that, on balance, the venue of the within action must remain in Nassau County.
Accordingly, the motion to change venue is denied and the cross motion to retain venue in Nassau County is granted.