JOHN NOSNER, Respondent, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant. (Appeal No. 2.) — Order reversed, with ten dollars costs and disbursements, and matter remitted to the Special Term for a consideration of the application upon the merits, on the ground that the court at Special Term had the power to open the default. (See *Mott* v. *Mott*, 134 App. Div. 569.) Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.

ELISE PEDERSEN, Respondent, v. UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.— The methods of cross-examination of defendant's witnesses were highly objectionable. Improper questions to plaintiff's witnesses were also erroneously permitted. Adverse witnesses cannot be required to characterize opposing testimony. Yet here this was done, even to the extent of distorting such prior testimony. Neither does the heat of a trial and ardor of cross-examination excuse misrepresentation of what a witness had himself previously said. Persistent repetition of improper questions tending to cast prejudice on a party defendant are disrespectful to the court, and discredit any verdict. The cumulative effect of all these acts deprived defendant of a fair trial. The judgment and order are, therefore, reversed, with costs to the defendant, and a new trial granted. Mills, Rich, Putnam and Blackmar, JJ., concurred; Jenks, P. J., concurred in the result.

OLE PEDERSEN, Respondent, v. UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.— As this cause was tried with the action of *Pedersen* v. *Union Railway Co.* (*ante*, p. 885), the recovery falls with that reversal, decided herewith. This judgment and order are, therefore, reversed and a new trial granted, with costs to the defendant. Only one bill of costs for the two appeals. (*Woodworth* v. *Brooklyn Elevated R. R. Co.*, 29 App. Div. 1, 3.) Mills, Rich, Putnam and Blackmar, JJ., concurred; Jenks, P. J., concurred in the result.

MARY PIERCE, Respondent, v. CHARLES MOORE, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The cause of action arose in New York county. The witnesses, all except the son of the defendant, live in New York. Two of the witnesses are members of the police force in New York, who should not unnecessarily be called away from the city. Justice is as apt to be obtained in New York county as in Westchester; and, therefore, we think that the convenience of witnesses and the ends of justice will be promoted by changing the place of trial to New York county. Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ., concurred.