ROBERT L. JAMES, Appellant, v. EDWARD BUHRMASTER et al., Respondents. HAROLD F. BUHRMASTER, Plaintiff, v. ROBERT L. JAMES, Defendant. EDWARD C. BUHRMASTER, Plaintiff, v. ROBERT L. JAMES, Defendant.— Order reversed, on the law and facts, with $10 costs and disbursements. Hill, P. J., Foster and Russell, JJ., concur; Deyo, J., dissents, in part, in the following memorandum, in which Brewster, J., concurs: The motion made by the defendants in action number one was for an order directing that the three actions be tried together without consolidation in either Saratoga County, the county of venue in action number one, or in Schenectady County, the county of venue in actions numbered two and three. The plaintiff-appellant in action number one united in the

motion for a joint trial and asked that it be had in Saratoga County. Although, apparently, the attorneys for the plaintiffs and the defendant in actions numbered two and three appeared on the motion, they filed no papers and did not appear on the appeal. The court at Special Term held that there should be a joint trial and directed that it be held in Schenectady County. Section 96 of the Civil Practice Act provides that actions may be consolidated and section 96-a provides that they may be tried together without consolidation whenever it can be done without prejudice to a substantial right. Neither section specifically provides that such relief may be had when the actions are pending in different counties. However, it has been consistently held that this right exists in the case of consolidation pursuant to the former statute and that under such circumstances the order should provide for the place of trial. (*Funk* v. *Nelson*, 264 App. Div. 876.) It follows by analogy that the court, under its broad discretionary powers to determine the method of trial of litigated matters, may likewise direct joint trials without consolidation of cases pending in different counties and must by necessity fix the place of trial. In the instant case the court properly directed the joint trial. However, he should have directed that the trial be held in Saratoga County since the record fails to disclose any exceptional circumstances warranting the removal of the action from the county whose jurisdiction was first invoked. (*Quality Fruit Wines Corp.* v. *Singer*, 267 App. Div. 834.) This would have been in direct accordance with the express desires of both the plaintiff and the defendants in action number one who were the only parties who filed any papers on the motion or who took part in the appeal. The order should be modified by directing that the actions be tried together without consolidation in Saratoga County, and as so modified, affirmed, without costs.