Doris R. Edwards et al., Plaintiffs, *v.* Pearl H. Lewin et al., Defendants. (Action No. 1.)

Arthur Lewin, Appellant, *v.* Frederick J. Edwards et al., Respondents. (Action No. 2.)

Warren Leventhal, Appellant, *v.* Frederick J. Edwards et al., Respondents. (Action No. 3.)

Third Department, April 24, 1954.

*Leo A. Greenbaum* for Warren Leventhal, appellant.

*Daniel Danziger* for Arthur Lewin, appellant.

*Donald W. Kramer* for respondents.

BERGAN, J.  In an accident on March 6, 1953, on a road near Whitney Point in Broome County injuries were sustained by parties residing in diverse counties, resulting in the separate institution of three actions in the Supreme Court.

One car was owned by Pearl H. Lewin of Westchester County; the other by Frederick James Edwards of Broome County. The Lewin car was driven by Warren Leventhal of New York County; the Edwards car by Doris Ruth Edwards of Broome County.  In the Lewin car, Arthur Lewin of Westchester County was a passenger; in the Edwards car Frederick James Edwards was a passenger.

Arthur Lewin sued Frederick James Edwards and Doris Ruth Edwards first in Westchester; Warren Leventhal sued the same defendants next in New York; the defendants in those actions then sued Pearl H. Lewin and Warren Leventhal in Broome.

The Broome Special Term has consolidated the actions; directed they be tried together in Broome; allowed Lewin, the plaintiff in the action first instituted to open and close in the consolidated trial, and the plaintiff Leventhal the next right to open and close.

The decision of the Special Term to consolidate was soundly exercised. The vast volume of tort litigation is the principal problem of present concern in the management of the business of the New York Supreme Court and in that respect its business must be considered as a whole. The merits of causation of one automobile accident ought not to be tried out separately in Westchester, New York and Broome Counties. The energies of the court and its justices must be distributed fairly and should not be occupied and reoccupied with the same litigation in different counties.

One trial and one verdict can answer fully all the problems arising from this single motor vehicle collision. It is quite inadmissible under the present conditions of crippling calendar congestion to allow separate trials to dispose of the questions growing from one collision.

When a court consolidates actions instituted in several counties it must in the nature of things select one of them as a place of trial. Where the trial is to be held requires a sensible judicial discretion. It is a fairly safe guide to fix the venue in the place where the cause arose.

This is not a rule of thumb; it is not a rule to be followed invariably or blindly; but, of course, if parties can get into the place of venue to have their accident, they can get there without catastrophic consequences to have their trial. Here, all the injured parties received initial hospital and medical treatment in Broome County.

With modern transportation facilities, travel between the several counties of this State is no longer a matter of great inconvenience; but whatever the inconvenience that is involved, parties making use of the trial facilities of the New York Supreme Court must yield somewhat to the troublesome exigencies under which the court now manages its jury tort business.

The order should be affirmed, with $10 costs and disbursements.

FOSTER, P. J., COON and IMRIE, JJ., concur.

Order affirmed, with $10 costs and disbursements.