Appeal from an order of the Supreme Court, Special Term, Albany County, which denied defendant’s motion to change the place of trial of a negligence action from Albany County to Erie County for the convenience of material witnesses and to promote the ends of justice. Plaintiff and defendant were the owners and operators of automobiles which collided at a street intersection in Erie County. Eaeh seeks to recover for personal injuries. Eaeh alleges that he was proceeding on Sycamore Street, a through street, and that the other entered the intersection from Spring Street, against a stop sign. Upon the sharp issue of veracity thus presented, the testimony of at least one of the three city policemen, named in the moving affidavits, as to the details of the damages to the respective vehicles may be important. On what may be the crucial issue of the ease, defendant should not be foreclosed by plaintiff’s offer to stipulate merely that the side of defendant’s ear and the front of plaintiff’s automobile were damaged. The public nature of the police officers’ duties must also be considered. (Stevens v. Bancroft, 275 App. Div. 864; Pierce v. Moore, 181 App. Div. 885.) Upon the same central issue and, also, as to the severity of plaintiff’s injuries, the testimony of the witness Cardamone is material. Plaintiff’s answering affidavit does not disclose the facts as to which the dentist named therein will testify. Plaintiff desires to call two Albany physicians, and two Buffalo doctors are named in defendant’s affidavits. Thus the factors of convenience are in balance as respects the physicians but some consideration is given the fact that the initial medical and hospital treatment of eaeh party was in Erie County. (Slavin v. Whispell, 5 A D 2d 296; Edwards v. Lewin, 284 App. Div. 28, 30.) The only prospective witness for plaintiff, other than his physicians and dentist, is his brother, whose convenience should not be entirely disregarded but may not in this case be given controlling effect. (Slavin v. Whispell, supra; Parkill v. New England Furniture & Carpet Co., 211 App. Div. 871.) Weighing the convenience of all the witnesses found to be material, with due regard to the relative importance of *1047 the testimony to be elicited from each, the preponderance favors defendant. Even if it were in balance merely, defendant would he entitled to have the venue in the county where the cause of action arose. (Feiden v. State of New York, 5 A D 2d 926; Edwards v. Lewin, supra.) Order reversed and motion granted, without costs.
Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.