KENNETH C. PALMER et al., Respondents, v. CHRYSLER LEASING CORP. et al., Respondents. VICTOR THOMPSON et al., Respondents, v. HARRIETT GREENBERG et al., Defendants, and KENNETH C. PALMER, Respondent. CELIA GREENBERG et al., Appellants, v. CHRYSLER LEASING CORP. et al., Respondents, et al., Defendant. RICHARD B. GREENBERG et al., Appellants, v. KINNEY SYSTEM RENT-A-CAR, INC., et al., Defendants, and KENNETH C. PALMER, Respondent. — REYNOLDS, J. Appeal from an order of the Supreme Court, Sullivan County, providing for the joint trial in Sullivan County of four separate actions arising out of a two-car auto accident on Route 17B, Town of Thompson, Sullivan County, denying appellants' cross motion for joint trial of the actions in New York County and deferring to the trial court the question of the right to open and close. Venue motions are directed to the judicial discretion of the trial court (*Yeomans* v. *Malen,* 20 A D 2d 615; *Edwards* v. *Lewin,* 284 App. Div. 28) and thus unless such discretion was not soundly exercised the initial determination must be upheld (e.g., *Althiser* v. *Richmondville Creamery,* 13 A D 2d 162, 164). The determination of such motions normally lies not on one controlling factor but on an evaluation of various criteria, some statutory (CPLR 510) and some judicial in origin. Here the court below based its determination primarily on the grounds that the causes of action arose in Sullivan County (see, e.g., *Condon* v. *Schwenk,* 10 A D 2d 822; *Edwards* v. *Lewin, supra*) and that Action No. 1 is on the Sullivan County Trial Calendar, a stage well in advance of the actions brought in New York and Bronx Counties (see, e.g., *Efco Prods.* v. *Long Is. Baking,* 6 A D 2d 832). Appellants, however, urge other criteria as controlling. They urge initially that their action was commenced first, but while this is a recognized factor (*Efco Prods.* v. *Long Is. Baking, supra*) it does not mandatorily determine the issue, especially where as here there is only one day difference in the commencement of Actions Nos. 1 and 3. Secondly they assert that their mental and physical health would be seriously impaired by a trial in Sullivan County. The trial court, however, could properly find that their medical affidavits in support of this assertion do not demonstrate any physical incapacity which would preclude requiring the trial in Sullivan County and that requiring a trial in Sullivan County with the modern transportation facilities available is not an unwarranted inconvenience (*Edwards* v. *Lewin, supra,* p. 30). Appellants also claim that the trial should be held in New York County to facilitate the testimony of nine medical witnesses. However, even assuming that a portion of their testimony will be as to their personal observations thus relaxing the rule that the convenience of expert witnesses is not ordinarily to be considered (cf. *Efco Prods.* v. *Long Is. Baking, supra; Hilgers* v. *Hyde,* 6 A D 2d 963), the testimony of these witnesses will still be related solely to the question of damages while any nonparty liability witnesses presumably all reside in Sullivan County (*Bernstein* v. *McKane,* 3 A D 2d 764, 765). In the final analysis we must conclude that at best there are cogent reasons advanced on both sides

of the controversy and that thus the decision of Special Term was warranted. Similarly we see no reason why Special Term could not defer the question of the right to open and close to the Justice before whom the case is to be tried. Order affirmed, with costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.