(September 26, 1966)

■ CAROL ADAMI, Deceased, by JANET R. SAUTORELLI, Her Executrix, Respondent, v. SOL FISHMAN, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County, entered July 25, 1966, which granted plaintiff's motion for summary judgment and directed an assessment of damages. Order reversed, without costs, and motion denied. In our opinion, there is an issue for the jury as to whether defendant was culpably negligent (see *Rowlands* v. *Parks*, 2 N Y 2d 64). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ FELIX GRUCCI, Doing Business as PYROTECHNIC PRODUCTS CO., Appellant, v. MERCURY CHEMICAL CO., INC., Respondent. (Action No. 1.) MERCURY CHEMICAL Co., INC., Respondent, v. FELIX GRUCCI, Doing Business as PYROTECHNIC PRODUCTS CO., Appellant. (Action No. 2.) — In an action (No. 1) to recover a balance allegedly due for work, labor and services performed and materials supplied and in an action (No. 2) to recover damages for breach of contract, Felix Grucci, plaintiff in the first and defendant in the second action, appeals from so much of an order of the Supreme Court, Kings County, entered February 18, 1966, as, upon granting the motion of Mercury Chemical Co., Inc., the respondent, to consolidate the two actions, placed the venue of the consolidated actions in Kings County rather than in Suffolk County. Order modified to the extent of directing: (a) that the venue of the consolidated actions be placed in Suffolk County, rather than in Kings County; and (b) that Felix Grucci (instead of Mercury Chemical Co., Inc.) shall have the right to open and close. As so modified, order affirmed insofar as appealed from, with $10 costs and disbursements to appellant. Appellant, whose residence and place of business are in Suffolk County, commenced his action in that county approximately seven weeks before Mercury Chemical Co., Inc., commenced its action in Kings County; and issue was joined in his action more than one month prior to commencement of the second action. Special Term concluded that there was only a four-day time-lapse between the commencement of the two actions. As above stated, however, the time differential was much more substantial. Moreover, no special circumstances were adduced to warrant deviation from the general rule that consolidation involving actions pending in different counties shall be effectuated in the county which first obtained jurisdiction (*Rae* v. *Hotel Governor Clinton*, 23 A D 2d 564; *Spadaccini* v. *City of New York*, 9 A D 2d 502; *Efco Prods.* v. *Long Is. Baking*, 6 A D 2d 832). A mere listing of numerous witnesses, with respect to whose testimony no indication of nature, substance or materiality is made, is insufficient to justify the making of an exception to the general rule of priority in time (*Efco Prods.* v. *Long Is. Baking, supra*). This is, likewise, true with respect to appellant's right to open and close (see *Babcock* v. *Lowy*, 7 A D 2d 930; *Van Devort* v. *K. & H. Evaporating Co.*, 252 App. Div. 8). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.