■ ANNA NEARING et al., Respondents, *v.* ALFRED GERSCH, Appellant. (Action No. 1.) HELEN PETERS et al., Respondents, v. ALFRED GERSCH, Appellant. (Action No. 2.) ALFRED GERSCH et al., Appellants, v. JACK V. NEARING et al., Respondents. (Action No. 3.) — *Per Curiam.* The appellants, who are defendants in two actions and plaintiffs in a third, appeal from an order which (1) granted the motion of respondents, as defendants in the third action, for joint trial of the three actions in Sullivan County, where actions 1 and 2 were commenced; and (2) denied appellants' cross motion for trial of the actions in Delaware County, where the automobile accident which gave rise to the litigation occurred, on the ground of convenience of witnesses. An asserted inconvenience is predicated upon a travel distance of from 60 to 70 miles and this suggests that both motions are largely prompted by merely tactical considerations. While we are loathe to disturb the discretion exercised in the decision of motions of this nature, it is reasonably clear that in this instance Special Term felt obliged to give compelling weight to the fact that (by service of summonses two days after the accident) jurisdiction was first invoked in Sullivan County. That factor is in this Department recognized as important (*Hobbs* v. *San Filippo,* 281 App. Div. 929) but we have also given weighty consideration to the place where the cause arose (*Edwards* v. *Lewin,* 284 App. Div. 28, 30) while recognizing that there is no inflexible rule and that all relevant factors should be weighed (see *Palmer* v. *Chrysler Leasing Corp.,* 24 A D 2d 820). Appellants' motions were upon affidavits which were deficient and inadequate in a number of respects (cf. 7 Carmody-Wait, New York Practice, 2d, § 48:40) and under the circumstances of this case and in the interests of justice, appellants should be afforded an opportunity to be heard upon adequate affidavits, if such can be furnished, which respondents should, of course, be permitted to oppose by additional proof, should they be so advised. Order reversed, without costs, and motion remitted to Special Term for further proof or other proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Aulisi, J., not voting.