BENJAMIN PADILLA, as Administrator of the Estate of ISRAEL MERCADO and Another, Deceased, et al., Respondents, *v.* GREYHOUND LINES, INC., Appellant, and VICTOR M. IRIZARRY, as Administrator of the Estate of JESUS IRIZARRY, Deceased, Respondent. (Action No. 1.)

CATHERINE JONES, Individually and as Natural Guardian of KENDRA JONES and Others, Infants, Respondents, *v.* VICTOR M. IRIZARRY, as Administrator of the Estate of JESUS IRIZARRY, Deceased, et al., Respondents. (Action No. 2.)

DONALD H. CARSON, Appellant, *v.* VICTOR M. IRIZARRY, as Administrator of the Estate of JESUS IRIZARRY, Deceased, et al., Respondents. (Action No. 3.)

First Department, April 4, 1968.

*Benjamin Heller* of counsel (*Bunis & Frank,* attorneys), for Benjamin Padilla and others, respondents in Action No. 1.

*Clarence E. Mellen* of counsel (*Mellen, Donnelly & Fogarty,* attorneys), for Greyhound Lines, Inc., appellant.

*Leonard J. Fassler* of counsel (*La Cava & Odorisi,* attorneys), for Catherine Jones, respondent in Action No. 2.

*Philip Hoffer* of cousel (*Rose L. Hoffer* and *Peter T. Affatato* with him on the brief; *Raymond J. MacDonnell,* attorney), for Victor M. Irizarry, respondent.

*William L. Shumate* of counsel (*Louis J. Goode,* attorney), for Donald H. Carson, appellant.

McNALLY, J.   This is an appeal from an order granting consolidation in three actions and fixing the place of trial in the Supreme Court, New York County, without prejudice to a formal application for a change of venue.   For the reasons hereinafter stated, we believe the order to have been erroneously entered.

On July 3, 1965, on the New York Thruway, near the Waterloo Interchange, in the Town of Junius, Seneca County, New York, about 35 miles from Syracuse, the county seat of Onondaga County, a Plymouth automobile collided with a Greyhound passenger bus.   The five occupants of the Plymouth were killed; the operator of and a number of the passengers on the bus were injured.   Three actions followed.

We consider first the proper method of trial.   It is not disputed that these cases were commenced in the reverse order of the number by which they are designated.   The operator of the

bus, a resident of Onondaga County, first instituted Action No. 3 in the Supreme Court, Onondaga County, on February 22, 1966, against the administrators of the estates of the decedent owner and operator of the Plymouth. Thereafter, on April 16, 1966, the Jones action, Action No. 2, was commenced in the Supreme Court, Monroe County, against the same defendants. The plaintiffs in Action No. 2 are residents of Cleveland, Ohio. Finally, on June 10, 1966, 13 occupants of the Plymouth and the bus commenced Action No. 1 in the Supreme Court, New York County, against the owners of the Plymouth and the bus. All the plaintiffs, except Padilla as administrator, are nonresidents of New York, two being residents of Bangalore, India.

The defendants, except Greyhound Lines, Inc., moved for the consolidation or a joint trial of the three actions. Greyhound cross-moved for the same relief and, in addition, for the designation of Onondaga County as the trial venue, or, in the alternative, leave to move for a change of venue pursuant to CPLR 510. The order appealed from consolidates the actions under a single caption and designates New York County as the trial venue, with leave to Greyhound to move for a change of venue under CPLR 510.

The motion and cross motion sought consolidation or a joint trial of the actions. A joint trial is what is generally desired by litigants when they seek what is often colloquially described as consolidation. The order under review provides for organic consolidation. By the terms thereof the three pending actions are merged into a single action to be disposed of by a single decision or verdict, in the case of a jury trial, and a single judgment with one bill of costs; the new title is one which merges all the litigants into one group of plaintiffs and one group of defendants. A joint trial preserves the integrity of the several actions, requires a separate decision or verdict, as the case may be, and several judgments, with the costs of the particular action in each case. (*Vidal* v. *Sheffield Farms Co.,* 208 Misc. 438.)

The caption of the consolidated action herein includes Benjamin Padilla, as administrator of the goods, chattels and credits of Israel Mercado, as both plaintiff and defendant. This is inconsistent and improper. As was well stated by Mr. Justice MATTHEW M. LEVY in *Vidal* v. *Sheffield Farms Co.* (*supra,* p. 440): " A party, in our adversary process of simple litigation, cannot be a protagonist in the action and at one and the same time be his own personal antagonist ". In addition, there are factors present which may tend to confusion in the case of a jury trial if the actions are consolidated. Greyhound is not a named defendant in Actions Nos. 2 and 3 but is a defendant in

Action No. 1. The plaintiffs bus passengers in Action No. 2 and the plaintiff bus operator in Action No. 3 are suing the representatives of the deceased operator and owner of the Plymouth and are not suing Greyhound. In the circumstances, the preservation of the separate actions and the pleadings therein will tend to a better understanding by a jury of the parties and issues in each case. (*Smith* v. *Witteman Co.*, 10 A D 2d 793.) Further, a joint trial makes the right to open and close more readily determinable by the trial court.

We now come to the question of venue. The direction of a joint trial of three actions with different trial venues requires the determination of the appropriate venue for the joint trial. The relevant considerations all point to Onondaga County, where the first instituted action, Action No. 3, was commenced.

It is the general rule that in the proper exercise of discretion, the venue of the action first commenced should be fixed as such place of trial in the absence of proof of circumstances requiring otherwise. (*Weiss* v. *City of New York*, 27 A D 2d 709, 710; *Poly Constr. Co.* v. *Oxford Hall Contr. Co.*, 24 A D 2d 637; *Rae* v. *Hotel Governor Clinton*, 23 A D 2d 564, 565; *Smith* v. *Witteman Co., supra*; *Spadaccini* v. *City of New York*, 9 A D 2d 502, 504; *Babcock* v. *Lowry*, 7 A D 2d 930, 931; *Efco Prods.* v. *Long Is. Baking Co.*, 6 A D 2d 832; *Cross & Brown* v. *Cimbar Corp.*, 275 App. Div. 680; *Bril* v. *Storm*, 275 App. Div. 954; *Quality Fruit Wines* v. *Singer*, 267 App. Div. 834; *Funk* v. *Nelson*, 264 App. Div. 876; *Gibbs* v. *Sokol*, 216 App. Div. 260, 263; 3 Carmody-Wait, New York Practice 2d, § 17:23, pp. 147, 148.) There is nothing in this record which would warrant disregarding this rule. Onondaga County is not only the venue of the action first commenced but the courthouse therein is within 35 miles of the place of the accident. The record establishes other circumstances which favor the designation of Onondaga County as the place of trial: (1) A much earlier trial in regular order can be had in Onondaga than in New York County. This is always a factor to be considered. (*Poly Constr. Co.* v. *Oxford Hall Contr. Co., supra*; *Efco Prods.* v. *Long Is. Baking Co., supra*; *Mallack* v. *White Mountain Laundry*, 12 A D 2d 503.) Trial can be had in Onondaga County 19 months earlier than in New York. (Twelfth Annual Report of N. Y. Judicial Conference, 1967, pp. 416–417.) (2) All of the injured plaintiffs-respondents who survived the accident were examined and treated in hospitals near the place of the accident. (3) The police officers who investigated the accident at the site thereof shortly after it occurred are stationed and their reports are filed in the police substation which is only 35 miles from the courthouse in Onon-

daga County. (4) The only known nonparty eyewitnesses to the accident, three in number, reside in Monroe and Erie Counties, less than one half the distance from Onondaga as from New York. (*Dalen* v. *Rosenberg,* 26 A D 2d 829; *Engel* v. *Glick,* 14 A D 2d 815; *Fisher* v. *Rothrum,* 9 A D 2d 734; *Babcock* v. *Lowry, supra; Slavin* v. *Whispell,* 5 A D 2d 296, 299; *Conner* v. *Jacobs,* 5 A D 2d 1046.)

Respondents do not deny the existence of any of these circumstances, but contend that the convenience of the police officers and the three nonparty eyewitnesses should not be considered because the materiality of their testimony has not been demonstrated in the manner and to the extent required on a motion for a change of venue. This, however, is not a motion for a change of venue. It is a motion for either a consolidation or joint trial, without suggesting or specifying the county to be designated or specified as the place of trial thereof. Greyhound cross-moves to fix the place of trial in Onondaga County, and any order entered on the application of necessity is required to fix such place of trial. The rule was broadly stated in *Smith* v. *Witteman & Co. (supra)*: " The court has the power, in an appropriate case, to order a consolidation or a joint trial of actions pending in two counties and to direct the trial to be held in one of the counties, thus incidentally changing the venue of the actions pending in the other county, without necessarily requiring a showing of circumstances which would have independently justified the change of venue. " The materiality of the testimony of the police and nonparty witnesses has been sufficiently shown and their convenience is entitled to consideration. No countervailing circumstances are present, in our opinion, which might warrant the designation of New York County, the venue of the action in the last case commenced, as the place of trial.

We give no consideration to the order of January 19, 1968. It is not contained in the record on appeal, and it was made and entered subsequent to the time that this appeal was noticed for argument. (*Saraceno* v. *Piscopo,* 16 A D 2d 735; *Costello-Palmer Corp.* v. *Consolidated Factors Corp.,* 13 A D 2d 695; *Hayes* v. *Haj,* 246 App. Div. 568; *Brown-Duffy Goatskin Corp.* v. *Henkel,* 211 App. Div. 342, 344; *Bronner* v. *Walrath,* 208 App. Div. 758.)

For the foregoing reasons, the order should be reversed, on the law, the facts and in the exercise of discretion, and the motion and cross motion granted to the extent of ordering a joint trial of the three actions, to be had in Onondaga County, without costs. Settle order.

EAGER, J. P., STEUER, CAPOZZOLI and McGIVERN, JJ., concur.

Order entered on October 25, 1966, unanimously reversed on the law, the facts and in the exercise of discretion, and the motion and cross motion granted to the extent of ordering a joint trial of the three actions, to be had in Onondaga County, without costs or disbursements. Settle order on notice.