■ FLOYD BOYEA et al., Plaintiffs, v. SUSAN LAMBETH et al., Defendants. (Action No. 1.) SHARON C. JONES, as Administratrix of the Estate of PETER W. JONES, III, Deceased, Appellant, v. HARVEY LAMBETH et al., Respondents, and FLOYD BOYEA, Defendant. (Action No. 2.) — REYNOLDS, J. P. Appeal from an order of the Supreme Court, Warren County, which granted respondents' motion for a joint trial in Warren County and denied appellant's cross motion for a joint trial in Albany County. The instant litigation arises from the collision on August 3, 1968 of two boats on Lake George in Warren County. In Action No. 1, commenced on September 23, 1968 with venue placed in Warren County, the Boyeas, the owners of one of the boats involved, seek damages for personal injuries and property damage from the respondents. In Action No. 2, commenced on October 7, 1968 with venue placed in Albany County, appellant, a passenger with her husband in the Boyea boat, seeks to recover for personal injuries to herself and for the wrongful death of her

husband from the respondents. The motions here involved are directed to the discretion of the trial court, and unless improvidently exercised, its determination must be upheld (see, e.g., *Palmer* v. *Chrysler Leasing Corp.*, 24 A D 2d 820; *Spadaccini* v. *City of New York*, 9 A D 2d 502). There is no specific mandate or inflexible rule which governs the issue involved; many factors are properly considered by the trial court (see, e.g., *Palmer* v. *Chrysler Leasing Corp.*, *supra*). For although as a general rule the venue of the action first commenced should be deemed the place of joint trial (3 Carmody-Wait 2d, New York Practice, § 17.24; *Padilla* v. *Greyhound Lines*, 29 A D 2d 495; *Weiss* v. *City of New York*, 27 A D 2d 709; *Rae* v. *Hotel Governor Clinton*, 23 A D 2d 564), special circumstances may properly be found to negate this choice. Such special circumstances may arise when the cause of action arises in the county where the second action has been commenced (*Nearing* v. *Gersch*, 26 A D 2d 989); hospitalization and treatment of injured persons occur in the county where the second action has been commenced (3 Carmody-Wait 2d, New York Practice, § 17.24); convenience of witnesses points toward trial in the county where the second action has been commenced (*Kiamesha Concord* v. *Greenman*, 29 A D 2d 904; *Babcock* v. *Lowy*, 7 A D 2d 930); or court calendars are less congested in the county where the second action has been commenced (*Colburn* v. *Brown*, 23 A D 2d 574; *Efco Prods.* v. *Long Is. Baking*, 6 A D 2d 832). All pertinent factors can thus properly be considered when determining venue, and considering the relevant factors present in the instant case we see no reason advanced to disturb the trial court's exercise of its discretion. Action No. 1 was the first action to be commenced with the venue in that action being placed in Warren County; the accident occurred in Warren County; the injured persons were treated at a hospital in Warren County, and the Boyeas are residents of Warren County and one respondent is a summer resident thereof. In addition, the evidence as to convenience of the proposed witnesses as well as to court congestion in Warren and Albany Counties is, at best, evenly balanced, and cannot alone justify ordering venue in Albany County in view of the several factors enumerated above. Order affirmed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. P.