■ MERRILL REALTY CO., INC., Respondent, v. JOSEPH HARRIS, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered October 2, 1973 in Sullivan County, which denied. defendant's motion for a change of venue. A contract in writing was duly entered into between these parties whereby plaintiff was granted an option to purchase premises of defendant for a specific period of time in accordance with a schedule of payments and subject to certain conditions of title. The option was exercised and a down payment was made, together with an application for title insurance. The title company found the title unmarketable and declined to issue insurance. Plaintiff sued for return of its down payment and other expenses. In addition, it sought judgment canceling the written agreement and impressing a lien upon defendant's real property for the amount of its damages, with interest, and a decree directing sale of the premises to satisfy said lien. Venue of this action was laid in Sullivan County, where the property is located, although it appeared the parties were nonresidents of the county. Defendant sought a change of venue to Nassau County, the place of his residence, on the grounds that Sullivan County was improper because the action was not one which would affect the title to, or the possession, use or enjoyment of real property as contemplated by CPLR 507. Special Term disagreed. Thus, the sole issue on this appeal is whether an action by a purchaser to cancel a written executory contract to purchase real property and to impress a lien thereon for the down payment and other incidental expenses is one which "affects" an interest in real property and not merely "involves" it (*Nassau Hotel Co.* v. *Barnett,* 164 App. Div. 203, 205; CPLR 507*). The law is clear that an action to rescind an executed contract of sale is within the statute, but the cases seem to be in conflict when the contract is executory (compare *Birmingham* v. *Squires,* 139 App. Div. 129, 131, with *John H. Dair Bldg. Consir. Co.* v. *Mayer,* 27 A D 2d 535; *Grace* v. *Deepdale, Inc.,* 3 A D 2d 397; *Reichenbach* v. *Corn Exchange Bank Trust Co.,* 249 App. Div. 539). There is a valid basis for the distinction between an action "affect-

---

* "507. Real property actions. The place of trial of an action in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated."

ing" real property and one merely "involving" it, but it seems irrelevant whether the contract is executed or executory if the underlying facts support a cause of action that seeks relief of a nature which would "affect" real property. The fact that the ultimate relief sought would cause a sale of the real property, the apparent filing of a notice of pendency, and the terms of the agreement between the parties all tend to establish the local nature of the pending action (*Reichenbach* v. *Corn Exchange Bank Trust Co., supra*). Order affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Main, JJ., concur.