■ TIERRA PROPERTIES, Appellant, v A.I. LLOYD'S INSURANCE COMPANY, Respondent. [614 NYS2d 518] —Order and judgment (one paper), Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about October 7, 1992, which granted the motion by defendant for summary judgment pursuant to CPLR 3212 dismissing the plaintiff's complaint in an action to recover insurance proceeds, and which denied the cross motion by plaintiff for summary judgment pursuant to CPLR 3212 against the defendant for the principal sum of $400,000, and for leave to amend its complaint pursuant to CPLR 3025 (b) to add a cause of action for punitive damages, modified, on the law, to the extent of

denying defendant's motion for summary judgment, and remanding to the IAS court for further proceedings, and otherwise affirmed, without costs.

The IAS Court erred in its interpretation of a term included in the order confirming assignee-creditor CMRCC, Inc.'s Bankruptcy Plan in plaintiff's Texas bankruptcy action. The term "or any other contracts *affecting* said real property" (emphasis added) does not necessarily include, as a matter of law, the insurance proceeds at issue, since the term is preceded by a number of specific references to personal rather than real property, and also given the fact that the term "affect", when used in connection with real property, has been recognized frequently as being susceptible to various meanings *(see, 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 321; *Merrill Realty Co. v Harris,* 44 AD2d 629).

The resulting ambiguity creates an issue of fact as to the meaning of the term, since the parties' intent must be gathered from disputed extrinsic evidence *(Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878, 880; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291), therefore, summary judgment must be denied.

Moreover, in finding that the insurance proceeds should go to CMRCC instead of the bankrupt plaintiff, the IAS Court overlooked certain facts: that the bankruptcy court's order did not transfer the estate property to CMRCC but to *its* designee, Plymouth; and that when defendant paid the insurance proceeds to CMRCC, it did so pursuant to a payment/hold harmless agreement which, although it purportedly recited the basis for CMRCC's purported claim to the proceeds, did not mention the bankruptcy proceedings but instead based CMRCC's claim to the proceeds on the November 1, 1979 assignment by the original mortgagee, which made no mention of the insurance proceeds.

Finally, aside from the above-cited ambiguity and the contradictions in the record, there is controlling Court of Appeals authority in *Whitestone Sav. & Loan Assn. v Allstate Ins. Co.* (28 NY2d 332, 335), which states that although a mortgagee's right to insurance proceeds is fixed at the time of the fire loss, the right may still be lost, citing as an example the situation in this case: when the mortgagee assigns the mortgage after the fire loss.

For the foregoing reasons, we modify. Concur—Carro, J. P., Rosenberger, Wallach and Williams, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Ciparick, J.