■ STATE OF NEW YORK, Respondent, v SLEZAK PETROLEUM PRODUCTS, INC., Appellant, et al., Defendants. [910 NYS2d 268]—

Stein, J. Appeals (1) from an order of the Supreme Court (Devine, J.), entered June 18, 2009 in Albany County, which denied a motion by defendant Slezak Petroleum Products, Inc. to change venue from Albany County to Montgomery County, and (2) from an order of said court, entered June 26, 2009 in Albany County, which fixed a discovery schedule.

Plaintiff commenced this action pursuant to Navigation Law § 181 to recover funds expended in remediation of a petroleum leakage that occurred on real property located in the City of Amsterdam, Montgomery County. Defendant Slezak Petroleum Products, Inc. (hereinafter defendant)—the owner of the property at issue in this appeal—moved for an order changing the venue of the action from Albany County to Montgomery County. Supreme Court denied the motion and defendant now appeals.[1]

We affirm. Generally, a plaintiff's choice of venue will not be disturbed unless it is improper or a change of venue is warranted in the interest of justice (see *Waterways Ltd. v Barclays Bank PLC*, 174 AD2d 324, 327 [1991]; see also *Manchester Tech. v Hansen*, 6 AD3d 806, 807-808 [2004]). Defendant first argues that, because plaintiff placed environmental liens on the subject property pursuant to Navigation Law article 12, a judgment in this action would "affect the title to, or the possession, use or enjoyment of [such] real property," thus requiring that venue be changed to Montgomery County pursuant to CPLR 507. However, the relief sought in the instant action pertains to recovery of a money judgment and does not include enforcement of such liens. "The mere fact that the *title* to real estate is involved in an action does not necessarily bring the case within the provisions of [CPLR 507]; but the section applies if the judgment demanded involves *a change* in the title" (*Nassau Hotel Co. v Barnett*, 164 App Div 203, 205 [1914]; see Weinstein-Korn-Miller, NY Civ Prac ¶ 507.03 [2d ed]). Thus, while this action clearly "involves" defendant's property, it does not involve a change in the title thereto or otherwise directly "affect" such property—an important distinction (see *Merrill Realty Co. v Harris*, 44 AD2d 629, 629-630 [1974]).[2] Accordingly, Supreme Court properly determined that a change of venue was not required by CPLR 507.

We also reject defendant's contention that it was entitled to a change of venue pursuant to CPLR 510 (3). Unlike CPLR 507, such a change of venue is discretionary and may be granted where "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]). Here, defendant's principal argument is that its corporate officers—

---

**1.** Although defendant also appealed from a separate discovery order entered June 26, 2009, such order is not appealable as of right as it was not made pursuant to a motion made on notice (see CPLR 5701 [a] [2]). Thus, defendant's appeal from that order must be dismissed (see *DeLuca v Federated Dept. Stores*, 259 AD2d 421, 422 [1999]).

**2.** We also note that Navigation Law § 181-d recognizes the distinction between an action to recover the costs of remediation of a petroleum spill and an action to enforce an environmental lien.

both of whom are allegedly of advanced age and one of whom is afflicted with a condition that limits his mobility—would be inconvenienced by having to travel over 30 miles to the Albany County Courthouse.[3] In contrast to the convenience of nonparty witnesses, the convenience of a party's corporate officers "carries little if any weight on a motion pursuant to CPLR 510 (3)" (*Mroz v Ace Auto Body & Towing*, 307 AD2d 403, 404 [2003]). Defendant here failed to demonstrate that the inconvenience to these party witnesses was so great as to warrant a change of venue. As to any nonparty witnesses, defendant failed to sufficiently specify "the names and addresses of the witnesses, the substance and materiality of their expected testimony on the issues presented, their willingness to testify and the manner in which they will be inconvenienced by a trial in [Albany County]" (*Frontier Ins. Co. in Rehabilitation v Big Apple Roofing Co., Inc.*, 50 AD3d 1239, 1239 [2008]). We, therefore, perceive no abuse of Supreme Court's discretion in denying defendant's motion.

Defendant's remaining contentions, to the extent they are properly before us, have been considered and found to be without merit.

Peters, J.P., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order entered June 18, 2009 is affirmed, with costs. Ordered that the appeal from the order entered June 26, 2009 is dismissed.

---

**3.** For the first time on appeal, defendant also argues that physical access to the Albany County Courthouse would be more difficult than access to the Montgomery County Courthouse. However, no evidence to support this contention has been provided in the record (*see Ughetta v Barile*, 210 AD2d 562, 564 [1994], *lv denied* 85 NY2d 805 [1995]).