■ FRANK CAVAZZINI, Respondent, v STELIOS VIENNAS, Appellant. (Action No. 1.) STELIOS VIENNAS, Appellant, v FRANK CAVAZZINI, Respondent, et al., Defendants. (Action No. 2.) [918 NYS2d 633]—

Kavanagh, J.

Frank Cavazzini (hereinafter plaintiff) and Stelios Viennas (hereinafter defendant) jointly own properties located in Columbia County and Queens County. In May 2010, plaintiff commenced action No. 1 in Columbia County seeking, among other things, a partition of the Columbia County property. Several days later, defendant commenced action No. 2 in Queens County, requesting that both of the properties owned by the parties be partitioned and divided. Plaintiff moved and defendant cross-moved to consolidate the actions and have them venued in the respective counties where they had been initiated (see CPLR 602 [a]). Supreme Court granted plaintiff's motion, consolidated the actions and placed venue in Columbia County. Defendant now appeals.

While both parties concede that consolidation of the two ac-

---

tions was appropriate (*see* CPLR 602), defendant objects to their being venued in Columbia County and claims that Queens County is a more convenient location for the parties, the witnesses and the experts who will testify as to the value of each property (*see* CPLR 510 [3]). Plaintiff disagrees and claims that, since the first action was commenced in Columbia County, it is the appropriate forum (*see Messina v Upper Hudson Primary Care Consortium, Inc.*, 26 AD3d 698, 698-699 [2006]; *Gray v Serbalik*, 264 AD2d 934, 935 [1999]).

A change of venue will only be granted upon a demonstration by the moving party that "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]) and, in general, must be supported " 'with detailed relevant information establishing that the convenience of the nonparty witnesses would be enhanced by the change' " (*Manchester Tech. v Hansen*, 6 AD3d 806, 807 [2004], quoting *Singh v Catamount Dev. Corp.*, 306 AD2d 738, 738 [2003]). Such an application, which rests within the trial court's sound discretion (*see Manchester Tech. v Hansen*, 6 AD3d at 807; *Frank v Martuge*, 285 AD2d 938, 940 [2001]), must include the names and addresses of each witness, a specific fact-based summary of the proposed testimony and how that testimony is relevant to the issues to be resolved at trial (*see State of New York v Quintal, Inc.*, 79 AD3d 1357, 1357 [2010]). In addition, it should include an assertion attributed to the witness that he or she is willing to testify, and describe the difficulties that will necessarily be encountered by the witness if venue is not changed (*see State of New York v Slezak Petroleum Prods., Inc.*, 78 AD3d 1288, 1289-1290 [2010]; *Stainbrook v Colleges of Senecas*, 237 AD2d 865 [1997]; *Andros v Roderick*, 162 AD2d 813, 814 [1990]).

Here, we agree with Supreme Court that defendant failed to make such a showing. Specifically, defendant identified four witnesses, including himself, plaintiff, an expert appraiser from Queens County and the attorney who handled the closing for the Queens County property, as individuals who would testify on his behalf in this action. How a party may be affected by the venue of an action carries little, if any, weight in determining whether to grant such an application (*see Ithaca Peripherals v Sequoia Pac. Sys. Corps.*, 141 AD2d 909, 910 [1988]; *see also Said v Strong Mem. Hosp.*, 255 AD2d 953, 954 [1998]). Moreover, expert appraisals regarding the value of each property will necessarily be presented by the respective parties during the trial of these actions and, as a result, some inconvenience to an expert witness, wherever the venue, is inevitable (*see Mei Ying Wu v Waldbaum, Inc.*, 284 AD2d 434, 435 [2001]; *Palmer v*

*Chrysler Leasing Corp.*, 24 AD2d 820, 820 [1965]). Nor are we convinced that requiring the attorney who handled the closing of the Queens County property to leave the comfortable confines of the metropolitan area and venture three hours into Columbia County poses such a profound hardship as to justify a change of venue. Finally, defendant's reference to certain "unnamed witnesses" who might testify is simply not an adequate basis upon which to grant such an application (*see Stainbrook v Colleges of Senecas*, 237 AD2d at 865; *Andros v Roderick*, 162 AD2d at 814).

Finally, as to defendant's request that this Court sever the actions and place venue for each action in the respective county where the property is located, we note that such an application was not made in Supreme Court, and cannot be made before this Court for the first time on appeal (*see Abrams v Abrams*, 57 AD3d 809, 810-811 [2008]; *Matter of Berich v Ithaca Police Benevolent Assn., Inc.*, 23 AD3d 904, 905 [2005]). In any event, inasmuch as the parties have conceded, and in fact requested, that the actions be consolidated, severance, under the circumstances, would be inappropriate.

Peters, J.P., Spain, Rose and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.