Devine, J.
Appeal from an order of the Court of Claims (Milano, J.), entered October 16, 2013, which, among other things, denied claimant’s motion to change venue from Albany County to Suffolk County.
Claimant commenced this action seeking damages from defendant based on the alleged malicious prosecution of an administrative proceeding by the Department of Environmental Conservation. He subsequently moved, pursuant to CPLR 510 (3), to change venue of the matter from Albany County to Suffolk County. The Court of Claims denied the motion and claimant now appeals.
To the extent that claimant argues that this matter is properly venued in Suffolk County pursuant to CPLR 503, as it was his place of residency at the time the action was commenced, and pursuant to CPLR 507, because the action allegedly affects the use and enjoyment of his real property in such county, and, *1324 alternatively, that the Clerk of the Court of Claims improperly assigned the matter according to court rules (see 22 NYCRR 206.4), such arguments are unpreserved as they are being raised for the first time on appeal (see Semzock v State of New York, 97 AD3d 1012, 1013 [2012]; Matter of LaBarbera v Town of Woodstock, 55 AD3d 1093, 1094 [2008]). As for claimant’s contention that the Court of Claims erred in denying his motion to change venue inasmuch as the requirements under CPLR 510 were satisfied, we disagree.
An application to change venue may be granted, in the trial court’s discretion, where “the convenience of material witnesses and the ends of justice will be promoted by the change” (CPLR 510 [3]; see State of New York v Quintal, Inc., 79 AD3d 1357, 1357 [2010]; Mroz v Ace Auto Body & Towing, 307 AD2d 403, 403 [2003]). Specifically, claimant was obligated to provide the Court of Claims with the names and addresses of the nonparty witnesses that had expressed their willingness to testify, the substance and relevance of their proposed testimony, and how they would be unduly inconvenienced by appearing for trial in Albany County (see Cavazzini v Viennas, 82 AD3d 1343, 1344 [2011]; State of New York v Slezak Petroleum Prods., Inc., 78 AD3d 1288, 1290 [2010]; Frontier Ins. Co. in Rehabilitation v Big Apple Roofing Co., Inc., 50 AD3d 1239, 1239 [2008]). Beyond providing the names and addresses of certain nonparty witnesses, claimant provided no explanation as to how these individuals would be inconvenienced beyond stating that the witnesses, who reside and/or work in Suffolk County, would have to travel a distance to Albany County. Further, claimant’s assertion that changing venue would serve the ends of justice in that he would not have to reimburse witnesses for their travel and lodging expenses or lost wages is unavailing. Finally, the timing of claimant’s motion, made four years after commencement of the proceeding, was not reasonable (see Jackson v Jamaica Hosp. Med. Ctr., 119 AD3d 1193, 1194 [2014]; Corona v Town of Hancock, 221 AD2d 838, 838 [1995]). As such the Court of Claims did not abuse its discretion in denying claimant’s motion.
Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ., concur.
Ordered that the order is affirmed, without costs.