Joseph v Fensterman (2023 NY Slip Op 02733)

Joseph v Fensterman

2023 NY Slip Op 02733

Decided on May 18, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 18, 2023

CV-22-1996
[*1]Stanley Joseph, as Executor of the Estate of Martin Arbenblum, Deceased, et al., Respondents,
v
Howard Fensterman et al., Appellants.

Calendar Date:March 27, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Abrams Fensterman, LLP, White Plains (Robert A. Spolzino of counsel), for appellants.
Fryman PC, Valley Stream (David J. Fryman of counsel), for respondents.

Aarons, J.
Appeal from an order of the Supreme Court (Kevin R. Bryant, J.), entered September 30, 2022 in Ulster County, which denied defendants' motion to change venue.
In 2014, plaintiffs commenced this action against defendants in Ulster County. Defendants joined issue and also commenced a special proceeding in Nassau County. Shortly thereafter, defendants moved in Nassau County to transfer the action from Ulster County to Nassau County. In a 2015 order, Supreme Court (Adams, J.) granted defendants' motion. The Second Department, however, reversed the 2015 order, holding that defendants' motion to change venue was not made in the proper county (see Fensterman v Joseph, 162 AD3d 855, 856-857 [2d Dept 2018]). In so doing, the Second Department also permitted defendants to renew their motion in Ulster County (see id. at 857). Defendants then moved in Ulster County to change venue of plaintiffs' action to Nassau County. Supreme Court (Bryant, J.) denied the motion, prompting this appeal by defendants.
As the movants seeking relief under CPLR 510 (3), defendants needed "to provide the [court] with the names and addresses of the nonparty witnesses that had expressed their willingness to testify, the substance and relevance of their proposed testimony, and how they would be unduly inconvenienced by appearing for trial in [Ulster] County" (Liere v State of New York, 123 AD3d 1323, 1324 [3d Dept 2014]; see State of New York v Konikov, 182 AD3d 750, 754-755 [3d Dept 2020], lv denied 36 NY3d 906 [2021]). Although the nonparty witnesses noted the distance and travel time from the Nassau County area to Ulster County in arguing for a venue change, they failed to specify how they would be unduly inconvenienced by such distance and travel (see Hyman v Schwartz, 114 AD3d 1110, 1112 [3d Dept 2014], lv dismissed 24 NY3d 930 [2014]; Cavazzini v Viennas, 82 AD3d 1343, 1345 [3d Dept 2011]; State of New York v Quintal, Inc., 79 AD3d 1357, 1358 [3d Dept 2010]). Furthermore, these nonparty witnesses only stated in a conclusory fashion the substance of their proposed trial testimony. Defendants' evidentiary proffer also failed to show that a change in venue to Nassau County would promote the ends of justice (see United Community Ins. Co. v Triboro Signal Sta., 160 AD2d 1206, 1207 [3d Dept 1990]). In view of the foregoing, Supreme Court did not abuse its discretion in denying defendants' motion (see Liere v State of New York, 123 AD3d at 1324; Frontier Ins. Co. in Rehabilitation v Big Apple Roofing Co., Inc., 50 AD3d 1239, 1239-1240 [3d Dept 2008]; Stoyer v Feeney, 165 AD2d 946, 946 [3d Dept 1990]).
Clark, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.