Preferred Mut. Ins. Co. v Monahan
2026 NY Slip Op 03716
June 11, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Preferred Mutual Insurance Company, Appellant,
v
Kevin D. Monahan, Defendant, and P. Jinx Monahan, Also Known as Polly Jinx Monahan, et al., Respondents. (Action No. 1.)
Blake Walsh, Respondent,
v
Preferred Mutual Insurance Company, Appellant, and Jinx P. Monahan, Also Known as Polly Jinx Monahan, Respondent, et al., Defendant. (Action No. 2.)

Decided and Entered:June 11, 2026
CV-25-0244
Calendar Date: April 28, 2026
Before: Garry, P.J., Fisher, Mackey And Ryba, JJ.

Smith Sovik Kendrick & Sugnet PC, Syracuse (Karen G. Felter of counsel), for appellant.
DeTraglia Law Firm, Utica (Michele E. DeTraglia of counsel), for P. Jinx Monahan, respondent.
The Scagnelli Law Firm, PC, Albany (Peter J. Scagnelli of counsel), for Blake Walsh, respondent.
Dreyer Boyajian LLP, Albany (Justin Quinn Davis of counsel), for Andrew B. Gillis, respondent.

[*1]
Garry, P.J.
Appeal from an order of the Supreme Court (Joseph McBride, J.), entered January 8, 2025 in Chenango County, which, among other things, in action No. 1, granted defendant Andrew B. Gillis' motion to, among other things, consolidate actions Nos. 1 and 2.
In April 2023, plaintiff Blake Walsh mistakenly drove his vehicle onto Washington County property owned by defendant Kevin Monahan (hereinafter Monahan) and his wife, defendant P. Jinx Monahan (hereinafter the wife). As Walsh was attempting to exit the driveway, Monahan discharged a shotgun in the direction of the vehicle, striking and killing a passenger, Kaylin Gillis (hereinafter decedent). Thereafter, Monahan was criminally charged in Washington County with, among other crimes, murder in the second degree. During the criminal trial that ensued, Monahan and the wife each testified that they believed they were victims of a potential home invasion, and Monahan testified that the fatal shot was accidental, the shotgun having discharged when he allegedly tripped on nails that were protruding from his front deck. The jury rejected those accounts and convicted Monahan as charged (see generally People v Monahan, ___ AD3d ___ [3d Dept 2026] [decided herewith]). At the time of the incident, Monahan and the wife had a homeowner's insurance policy through Preferred Mutual Insurance Company.
In August 2023, defendant Andrew B. Gillis — decedent's father and the administrator of her estate — commenced a personal injury action in Saratoga County against Monahan and the wife, providing Preferred Mutual notice of same. In February 2024, Preferred Mutual commenced the first of the subject actions (hereinafter action No. 1), in Chenango County where it is headquartered, seeking a declaration that it has no duty or obligation to defend or indemnify Monahan or the wife. Gillis and the wife joined issue in action No. 1, and the wife counterclaimed for a declaration of coverage. Preferred Mutual opposed the wife's counterclaim. Meanwhile, in March 2024, Walsh initiated his own personal injury action in Washington County against Monahan and the wife. Shortly thereafter, Walsh also filed a declaratory action in Washington County, the second action at issue on this appeal (hereinafter action No. 2), asserting that Preferred Mutual has an obligation to defend and/or indemnify Monahan and the wife in relation to his personal injury action.
In April 2024, Gillis filed a motion in action No. 1 to change venue to Washington County pursuant to CPLR 510 (3) and to consolidate actions Nos. 1 and 2 pursuant to CPLR 602 (b), which Walsh supported. In July 2024, Preferred Mutual cross-moved for the same consolidation but sought to fix venue in Chenango County. Supreme Court directed that the actions proceed to a joint trial and fixed venue of the trial in Washington County. Preferred Mutual appeals.
Gillis moved on two grounds, and, as Preferred Mutual asserts, his evidentiary showing was insufficient to support that part of his [*2]motion that sought a discretionary change of venue pursuant to CPLR 510 (3) (see generally Nova Cas. Co. v RPE, LLC, 115 AD3d 717, 718 [2d Dept 2014]; Parker v Troutman Sanders LLP, 89 AD3d 638, 638 [1st Dept 2011]; Deutsch v Wegh,269 AD2d 487, 487-488 [2d Dept 2000]). It is well established that such motions carry rigorous evidentiary requirements, and the movant's proof must include, at minimum, "the names, addresses and occupations of the prospective witnesses"; "the facts to which the proposed witnesses will testify at the trial, so that the court may judge whether the proposed evidence of the witnesses is necessary and material"; "the witnesses for whose convenience a change of venue is sought are in fact willing to testify"; and some "showing as to how the witnesses in question would in fact be inconvenienced in the event a change of venue were not granted" (O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 172-173 [2d Dept 1995] [internal quotation marks and citation omitted]; see Joseph v Fensterman, 216 AD3d 1355, 1356 [3d Dept 2023]; Talmadge v Roman Catholic Diocese of Albany, N.Y., 167 AD3d 1361, 1362-1363 [3d Dept 2018]). Here, Gillis' only proffer to that end, notably in reply, consisted of a list of witnesses from Monahan's criminal trial with their occupations and counsel's assertions as to the location of those witnesses and that they would be generally inconvenienced, with no meaningful attempt to show the nature, substance or materiality of their testimony with respect to these insurance coverage actions (see Healthcare Professionals Ins. Co. v Parentis, 132 AD3d 1138, 1139-1140 [3d Dept 2015]; Matter of Supplier Distrib. Concepts, Inc., 80 AD3d 869, 870-871 [3d Dept 2011]; State of New York v Quintal, Inc., 79 AD3d 1357, 1357-1358 [3d Dept 2010]).
Nevertheless, as Supreme Court correctly observed, the subject motion is first and foremost one for consolidation (see CPLR 602). In ordering consolidation or a joint trial of actions pending in different counties, a court must necessarily change the venue of one of those actions, and, thus, it has long been recognized that a court may do so "without necessarily requiring a showing of circumstances which would have independently justified the change of venue" (Kiamesha Concord v Greenman, 29 AD2d 904, 904 [3d Dept 1968] [internal quotation marks, emphasis and citations omitted]; see Perinton Assoc. v Heicklen Farms, 67 AD2d 832, 833 [4th Dept 1979]; Padilla v Greyhound Lines, 29 AD2d 495, 499 [1st Dept 1968]; James v Buhrmaster, 273 App Div 836, 837 [3d Dept 1948]). Although the general rule remains that the place of trial should be in the county where venue of the first action to be consolidated was placed, a court is free to depart from the so-called first-filed rule in "special circumstances" (Gutama v Central Transp., LLC, 241 AD3d 1530, 1531 [2d Dept 2025] [internal quotation marks and citation omitted]; see Messina v Upper Hudson Primary Care Consortium, Inc., 26 AD3d 698, 699 [3d [*3]Dept 2006]; see also Kiamesha Concord v Greenman, 29 AD2d at 905["compelling circumstances" (internal quotation marks omitted)]; James v Buhrmaster, 273 App Div at 837 ["exceptional circumstances"]). The factors relevant to a change of venue under CPLR 510 (3) remain applicable to that inquiry (see Kiamesha Concord v Greenman, 29 AD2d at 904; Palmer v Chrysler Leasing Corp., 24 AD2d 820, 820 [1965]; see also Cavazzini v Viennas, 82 AD3d 1343, 1344 [3d Dept 2011]; Messina v Upper Hudson Primary Care Consortium, Inc., 26 AD3d at 699), but other factors are also routinely considered, including where the controversy arose, the parties' ties to the competing venues, the location of any related litigation, and even court calendar congestion (see e.g. Leung v Sell, 115 AD2d 929, 929 [3d Dept 1985]; Perinton Assoc. v Heicklen Farms, 67 AD2d at 833; Boyea v Lambeth, 33 AD2d 928, 929 [3d Dept 1970]; Rae v Hotel Governor Clinton, 23 AD2d 564, 565 [2d Dept 1965]; Edwards v Lewin, 284 App Div 28, 30 [3d Dept 1954]; McKeon v Kelly, 281 App Div 929, 929 [3d Dept 1953]). Ultimately, "[t]here is no specific mandate or inflexible rule which governs the issue involved" (Boyea v Lambeth, 33 AD2d at 929), and the question is whether the trial court abused its broad discretion to set a venue incident to consolidation (see Cavazzini v Viennas, 82 AD3d at 1344; Kiamesha Concord v Greenman, 29 AD2d at 904; James v Buhrmaster, 273 App Div at 837).
Applying these principles, we cannot say that it was an abuse of discretion to set this joint trial in Washington County. The record establishes that the underlying shooting and all other alleged acts that would arguably implicate the Monahans' insurance coverage occurred in Washington County — specifically, at the premises insured by Preferred Mutual. The criminal trial concerning that shooting occurred in Washington County, and, thus, any related records and record custodians are located there. Given the subject matter of the declaratory judgment actions, it seems unlikely that all of the witnesses from the criminal trial will need to testify, as is implied by the exhaustive list proffered by Gillis, but it is not unreasonable to assume that some of those witnesses will testify and that they continue to reside in or near Washington County (see Palmer v Chrysler Leasing Corp., 24 AD2d at 820; see also Gray v Serbalik, 264 AD2d 934, 935-936 [3d Dept 1999]; but see Mercury Chem. Co. v Grucci, 26 AD2d 788, 788 [2d Dept 1966]). The two underlying personal injury actions have also since been consolidated in Washington County, and venue of these related declaratory judgment actions in the same county may be said to promote judicial economy (see Rae v Hotel Governor Clinton, 23 AD2d at 565). In view of the foregoing, Supreme Court's decision will not be disturbed (see Castro v Durban, 129 AD3d 652, 653 [2d Dept 2015]; Magee v Hutcher, 174 AD2d 941, 941 [3d Dept 1991]; T T Enters. v Gralnick, 127 AD2d 651, 652-653 [2d Dept 1987]; Edwards [*4]v Lewin, 284 App Div at 30).
Fisher, Mackey and Ryba, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.